# R. H. VANCE v. GEO. OLINGER AND JOS. LAYCOCK.

FORMER SUIT PENDING AS A DEFENSE IN EJECTMENT.—A defendant in an action to recover the possession of land is not entitled to a judgment of dismissal on the ground that a former suit between the same parties, brought for the recovery of the same land, is still pending, unless it is averred in the answer that the second action is for the same injury as the first, and that the same matters are in issue that were in issue and might have been tried in the first action.

SUITS IN EJECTMENT.—A party may have two suits against the same defendant for the recovery of the same land pending at the same time, if the second is brought on a title acquired after the commencement of the first.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The facts are stated in the opinion of the Court.

*Wheaton*, and *Hartley*, for Appellants.

*John Reynolds*, for Respondent.

By the Court, SAWYER, J.

This is an action for the recovery of land.

The complaint was filed December 29, 1859. The defendant, Olinger, in his answer, alleges that, "on or about the 2d of March, 1857, the said Robert H. Vance brought an action of ejectment in this Court against this defendant and one John McComb for the same tract or parcel of land now sued for in this action, and to which the said defendants appeared, and this defendant says the former suit so brought by the said plaintiff is still pending in this Court, and has never been determined," and he prays to be hence dismissed.

The jury found a general verdict for plaintiff, and in addition thereto found specially as follows, to wit: "We, the jury, find that the plaintiff commenced a former action in this Court, on the 7th day of March, 1857, to recover possession of the same land described and sued for in this cause, against the defendant, George Olinger, and one McComb; that said action is still pending and undetermined in this Court. That both

defendants in that action appeared in that action, and filed the answers which appear on file in that action."

Both parties moved for judgment on the verdict. Plaintiff prevailed, and defendants appealed. It is claimed, that, on the special finding, defendants were entitled to judgment of dismissal, on the ground that there was another action pending for the same cause of action. The case of *Caperton* v. *Schmidt*, 26 Cal. 479, is relied on as settling the law in this State, that in an action to recover lands, as well as in other actions, a former recovery is a bar. But the difficulty is, neither the answer, nor the special verdict, states facts sufficient to show that the cause of action in the second suit, is the same as that involved in the first. It is a suit to recover the same land, it is true, but it nowhere appears that the same title is in question, or that the same injury is complained of. There is no averment to that effect in the answer, and nothing of the kind appears in the special verdict. For aught that appears, the plaintiff may have acquired the title since the commencement of his former action. Suppose the first action had been tried and determined in favor of the defendants, and the answer had averred that fact, instead of averring that the suit was still pending, but averred nothing more. It certainly would not be pretended that such an answer would be sufficient to show, that the matters in controversy in this action had been adjudicated. The second action was commenced nearly three years after the first. The plaintiff might not have had the title at the time of the commencement of the first action, and for that reason he might have failed to recover; yet he may have acquired the title since, and, upon such newly acquired title he may be entitled to recover in his present suit. It is not sufficient that the second action is brought to recover the same land. It must be for the same injury, and the same matters must be in issue that were in issue and might have been tried in the first action, otherwise the causes of action are not identical. If a judgment in the first suit would not be conclusive in the second, the pendency of the former action cannot defeat the second. Neither the answer, nor the special

verdict states facts sufficient to show that the causes of action in the two suits are the same, and judgment was properly entered upon the verdict for the plaintiff.

This is the only error assigned on the judgment roll. The appeal is from the judgment only, and there is no statement on appeal. As we are confined to the judgment roll on this appeal, the questions arising on the motion for new trial are not before us.

Judgment affirmed.

Mr. Justice CURREY, being disqualified, did not participate in the decision of this case.