## HENRY GREEN *v.* WILLIAM H. CLARK.

FINDING OF FACTS.—If the Court makes a finding of facts upon some of the issues, and the appellant neither excepts to the finding as defective nor moves for a new trial, he cannot attack the finding either on the ground that it does not find all the facts in issue or is unsupported by the evidence.

EFFECT OF DEED ON AFTER-ACQUIRED TITLE.—If the owner of land conveys the same by a deed of bargain and sale, and afterwards purchases the land at a Sheriff's sale made on the foreclosure of a mortgage given before his sale, the title he acquires by the purchase at Sheriff's sale immediately inures to the benefit of his grantee.

PURCHASER AT SHERIFF'S SALE.—The interest which a purchaser of land at Sheriff's sale acquires by his purchase may be conveyed by him by deed at any time before the Sheriff's deed is given.

CONVEYANCE OF TITLE ACQUIRED AT SHERIFF'S SALE.—If one purchases land upon which there is a mortgage given by his grantor, and the mortgage is afterwards foreclosed, and the grantor buys at Sheriff's sale, and before a Sheriff's deed is given quitclaims to his grantee, the quitclaim carries the interest acquired at the Sheriff's sale and destroys the effect of the same, and if the Sheriff afterwards gives a deed to the purchaser the deed is void.

IDEM.—If one who has purchased land at Sheriff's sale quitclaims his interest in the same before a Sheriff's deed is given, the quitclaim is equivalent to an assignment of the Sheriff's certificate of sale.

PURCHASE BY AGENT WITH MONEY OF PRINCIPAL.—If one acts as the agent of another, and uses his money in making a purchase of land at a Sheriff's sale, but buys in his own name, the interest he acquires by the purchase vests in equity in his principal.

APPEAL from the District Court, Thirteenth Judicial District, Tulare County.

Ejectment to recover a lot in Visalia, Tulare County. The cause was tried before the Court without a jury. Defendant had judgment, and plaintiff appealed.

The other facts are stated in the opinion of the Court.

*P. L. Edwards*, for Appellant. A quitclaim deed only passes the title of the grantor at the time of its execution. In this case the Court below seems to have decided upon what we consider a misconception of the meaning of this Court in *Clarke* v. *Baker*, 14 Cal. 612. In this connection see *San Francisco* v. *Lawton*, 18 Cal. 475. But if, according to our hypothesis, the plaintiff's title relates back to the date of the first mortgage and Russell's purchase and redemption, then we submit that *Clarke* v. *Baker* is wholly in our favor. When Russell obtained his deed from the Sheriff it related back to the date of the mortgage, and excluded all intervening titles; and when he conveyed to plaintiff the title of the latter had a like effect.

*H. H. Hartley*, for Respondent. Whatever title Russell acquired by the purchase at Sheriff's sale, by virtue of the statute, immediately inured to Baker by virtue of his purchase from Russell and Poindexter. But if we admit that the purchase money used by Russell at his purchase at the Sheriff's sale was plaintiff's, and that Baker knew that fact, then he would have held the property as trustee for plaintiff. And if plaintiff did advance the purchase money, and the purchase was made for his benefit, yet after he acquired this supposed trust, he, plaintiff, in November, 1861, conveyed all this supposed equitable interest to Baker, thus divesting himself of all pretense of equity or beneficial interest in the land. Under this state of facts the plaintiff certainly cannot complain of the exclusion of the evidence offered. The plaintiff having parted with all pretense of title, either legal or equitable, by his deed of November, 1861, to Baker, he can make no claim by virtue of any subsequent deed from Russell to him.

By the Court, RHODES, J. :

Ejectment to recover a lot of land in the Town of Visalia. The Court found certain facts in issue, and ordered judgment

for the defendant. The plaintiff neither excepted to the finding as defective, nor moved for a new trial, and therefore he cannot attack the finding on the ground either that it does not state all the facts in issue, or that it is contrary to or unsupported by the evidence. The statement on appeal serves no purpose whatever, except to present and explain one exception, which will hereafter be noticed. The evidence therein contained cannot be looked into for the purpose of reviewing the findings, nor can it be considered in determining whether the Court has drawn from all the facts in the case the correct conclusions of law. The decision upon both points are too numerous and uniform to need citation.

Russell and Poindexter, having purchased the lot and executed a mortgage to secure a part of the purchase money, conveyed the lot to Baker and Thompson, with covenants of warranty against the mortgage, and soon thereafter Thompson conveyed to Baker. The mortgage was foreclosed and the property sold to Russell, and he received the Sheriff's deed therefor, and thereafter conveyed the property to the plaintiff. After the foreclosure sale, but before the execution of the Sheriff's deed, Russell by quitclaim deed conveyed the premises to the plaintiff, and the plaintiff also by quitclaim deed conveyed the same to Baker. The defendant claims through Baker.

The plaintiff offered to prove "that the money used by Russell, the purchaser at the Sheriff's sale, was the money of plaintiff, and that Russell purchased as the agent of Green the plaintiff," and the evidence was excluded. Under the operation of section thirty-three of the Act concerning conveyances, all the right, title and interest acquired by Russell by the purchase at the Sheriff's sale or by means of the Sheriff's deed, vested in Baker. (*Clarke* v. *Baker*, 14 Cal. 612.) The object of the plaintiff in offering the evidence was to intercept the title *in transitu*, or, more accurately speaking, to show that the title passing by the Sheriff's sale and conveyance, though

75

nominally vesting in Russell, really passed to the plaintiff, because Russell was a mere naked trustee for the plaintiff.

Conceding that Russell acted as the plaintiff's agent, and used his money in making the purchase at the Sheriff's sale, it follows that the interest in the premises acquired by the purchase vested in equity in the plaintiff. The character and extent of this interest was very elaborately discussed in *Page* v. *Rogers, ante,* 293, and it was held that it comprehended all the estate of the execution defendant in the land, save only the dry, naked legal title, and the right of possession prior to the expiration of the time for redemption. One of the most cogent arguments advanced in support of that position was that such interest was subject to sale, either voluntary or under execution, and it was considered that in this respect it made no difference whether the period for redemption had or had not expired. The plaintiff occupied even a better position than he can claim as growing out of the trust relation between him and Russell, for Russell, five days after his purchase at the Sheriff's sale, conveyed the premises, by quitclaim deed, to the plaintiff, who thereby became fully possessed of all the right, title and interest that passed by the Sheriff's sale. It thus appears that the evidence offered was not material for the purpose of connecting the plaintiff with the interest in the premises passing at the Sheriff's sale.

Before the expiration of the time for redemption, and before the execution of the Sheriff's deed to Russell, the plaintiff conveyed the premises by quitclaim deed to Baker. There can be no question as to the effect of that conveyance. It passed to Baker all the right, title and interest that either Russell or the plaintiff acquired by means of the purchase at the Sheriff's sale. The execution of the two deeds—the deed of Russell to the plaintiff and the deed of the plaintiff to Baker —freed the premises from all the consequences of the Sheriff's sale, and left them as though the sale had never been made. Those conveyances produced all the effects, so far as the title to the premises is concerned, that would have followed an assignment of the Sheriff's certificate of purchase by Russell

to the plaintiff, and by him to Baker. The Sheriff's deed would have been useless to Baker, for it would have only passed the naked legal title from himself to himself. Russell was not entitled to the Sheriff's deed, because he had parted with all his interest in the premises to the plaintiff; nor was the plaintiff entitled to have it executed either to himself, or to Russell, for his use, for he had conveyed his interest in the premises to Baker. The execution of the deed by the Sheriff to Russell was as void of effect upon the title as it would have been had Baker redeemed from the sale. Proof that the plaintiff furnished the purchase money, and that Russell acted as the plaintiff's agent in effecting the purchase, would not alter the effect of the plaintiff's deed to Baker.

Judgment affirmed.