# N. LARCO *v.* CHARLES L. CLEMENTS AND JAMES E. CLEMENTS.

ABATEMENT OF ACTION.—In an action to recover land, an answer of another action pending for the same cause must show that the same title, the same injury, and the same subject matter are in controversy in both actions.

ANSWER IN ABATEMENT.—Answers in abatement of an action are to be strictly construed.

JUDGMENT ON ISSUE IN ABATEMENT.—If an answer in abatement is found true, the judgment should not be in bar, but that the suit abate.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*J. H. Budd*, for Appellant.

The only defense of the defendants was a plea in abatement of the pendency of a former action. This defense in abatement was tried on an agreed statement of facts. To make this defense available, the allegations and proofs must show:

1st. That the former action and this action were between the same parties. (*Langham* v. *Thomason*, 5 Texas, 127; *Smith* v. *Blatchford*, 2 Carter, Ind. 185; *Adams* v. *Gardiner*, 13 B. Mon. 197; *Hall* v. *Halcombe*, 26 Ala. 720; 1 Bacon's Abridgement, 28; *Reeve* v. *Dalby*, 2 Sim. & Stu. 494; *Thomas* v. *Freelon*, 17 Vt. 138; *Calaveras County* v. *Brockway*, 30 Cal. 325; *O'Connor* v. *Blake*, 29 Cal. 312.)

2d. That the causes of action are the same in both suits. (*Thompson* v. *Lyon*, 14 Cal. 42; *Calaveras County* v. *Brockway*, 30 Cal. 325; 1 Bacon's Abridgement, 28, M.)

By the same cause of action is meant what will be supported by the evidence. (1 Bacon's Abridgement, 28, M.; 2 Hall, 454.)

The evidence on which the plaintiff mainly relied in this suit as the foundation of his title to the land sued for, was the patent issued May, 1863.

That patent could not have been the foundation of plaintiff's title in the suit of *Hestres, Administrator* v. *Brannan et als.*, since the patent was issued more than one year subsequent to the commencement of that action, and a plaintiff in ejectment can rely only on the title he had at the time of the *commencement* of the action. (*Garner* v. *Marshall*, 9 Cal. 270; *Yount* v. *Howell*, 14 Cal. 465.)

Pleas in abatement are not favored in law, and the party pleading must prove the pleas as put. (14 Cal. 42.) To render the pendency of a former action a good defense in abatement, the causes of action must be identical throughout. (*Thompson* v. *Lyon*, 14 Cal. 42.) In no event were defendants entitled to a final judgment in bar. (1 Chitty Pl. 501; 1 Bacon's Abridgement, 38.)

*G. W. Tyler*, for Respondents.

By the Court, SAWYER, C. J. :

This is an action to recover land. The answer alleges that all the title held by the plaintiff at the time of the commencement of the suit, or at any time since, was derived from one Eri H. Comstock; that one Hestres, who was then the administrator of said Comtock, deceased, before the commencement of this action, and before said plaintiff acquired any title, or interest in the said land, commenced an action as such administrator to recover the same land against the same defendants; that pending said action the said plaintiff in this suit has succeeded to the interest of said Comstock; that he has since employed counsel to assist in the prosecution of said former suit brought by the said administrator, and that any judgment therein will inure to his benefit; and that said suit is still pending and undetermined. He thereupon prays judgment that this suit be abated.

The Court upon a trial of the issue presented by the answer in abatement, the cause having been submitted on an

agreed statement of facts, found for the defendants, and rendered judgment, not that the suit abate merely, but in form a final judgment in bar.

If it be conceded that the plaintiff stands in the same position that the administrator of Comstock would have occupied had he brought the second suit, neither the answer nor the facts agreed upon show sufficient to constitute a good answer in abatement, for it does not appear that the same title, or the same injury, or the same subject matter is in controversy in both actions. The cases of *Vance* v. *Olinger*, 27 Cal. 358, and *Mann* v. *Rogers*, 35 Cal. 315, are in point, and govern this case. It is unnecessary to go over the reasoning again now. Besides, it affirmatively appears in the agreed statement of facts, that a new title by patent from the State, had been acquired by the successors of Comstock, subsequent to the commencement of the first suit, and this title could not properly have been in issue in that action. It is true, the agreed statement of facts says it was introduced in evidence by plaintiff, but under objection and exception on the part of the defendants, on the ground that it had been issued since the commencement of the action. This fact cannot, however, affect the question in this case. The new title was not in issue. Precisely the same matters do not appear to be in controversy or in issue in the two actions. As in *Vance* v. *Olinger*, *supra*, both the answer and the facts agreed upon are insufficient to entitle defendants to an abatement of the action. Answers in abatement are strictly construed. (*Thompson* v. *Lyon*, 14 Cal. 42.) Besides, the judgment should only have been that the suit abate.

Judgment reversed and the cause remanded for further proceedings, with directions that the remittitur issue forthwith.