[No. 8787.    Department Two. — May 26, 1886.]

D. E. MARTIN, RESPONDENT, v. STEPHEN SPLI-
VALO ET AL., APPELLANTS.

EJECTMENT — DEED — CONSIDERATION NEED NOT BE PROVED. — In an action of ejectment, the deed under which the plaintiff claims title to the premises in controversy, if regular in form and properly executed, is admissible in evidence without allegation or proof of the payment of the consideration for its execution.

ID. — AGREEMENT TO ASSUME MORTGAGE — CONDITION — LEGAL TITLE — POSSESSION. — An agreement by the grantee in a deed, forming part of the consideration therefor, to assume and pay a mortgage previously executed on the land by the grantor, does not constitute a condition upon the breach of which the title would revest in the grantor. Such a deed vests the legal title in the grantee, and his right to the possession of the land conveyed cannot be defeated by showing that he had failed to pay the mortgage.

ID. — ACTION OF UNLAWFUL DETAINER — ABATEMENT. — In an action of ejectment in which the plaintiff bases his right to recover the possession of the premises in controversy on a deed from the defendants to him, the pendency of an action brought by the plaintiff against the defendants for an unlawful detention by them of the same premises, after the expiration of an alleged lease, cannot be pleaded in abatement.

ID. — FINDING — RENTAL VALUE. — A finding that the rental value of a piece of land is twenty-five dollars a month is equivalent to a finding that the rental value is three hundred dollars a year.

Appeal from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion.

*A. D. Splivalo,* and *Michael Mullany,* for Appellants.

*Houghton & Reynolds,* for Respondent.

Belcher, C. C.—This is an action of ejectment for the possession of certain real property in Santa Clara County.

The plaintiff claims title to the demanded premises under a deed executed to him by the defendants on the fourteenth day of July, 1877. The deed purports to have been made in consideration of five dollars, the receipt of which is acknowledged, "and the assumption by the party of the second part of the indebtedness hereinafter recited." The recital referred to is as follows: "Said premises are subject to a deed of trust executed by the parties of the first part to James de Fremery, Robert B. Swain, and Alexander Campbell, Sen., dated the fifteenth day of February, 1872, A. D., and recorded in the office of the county recorder of said county of Santa Clara, in liber 23 of deeds, at pages 409 and following, given to secure the payment of the promissory note of said Stephen Splivalo to the San Francisco Savings Union, a corporation, for the sum of ten thousand dollars and interest, having even date with said deed of trust, and referred to therein; and all indebtedness secured by said deed of trust is to be assumed and paid by the party of the second part, as part of the consideration for this conveyance."

By their answer the defendants deny that the plaintiff paid the five dollars named as consideration for the deed, or any part thereof; and they allege "that plaintiff has not taken said promissory note up, and has not as-

sumed or paid the same, or any part thereof, to said 'San Francisco Savings Union,' or to any other person or party whatever, and defendants have never received any consideration or value from plaintiff for said deed of conveyance, and the same is null and void as against these defendants, and each of them"; and they also allege the pendency of another action in the same court between the same parties and for the same cause.

At the trial the plaintiff offered his deed in evidence, and its admission was objected to by the defendants, upon the ground that the plaintiff had neither alleged in his complaint nor proved "that the obligations therein contained and provided to be performed on the part of the plaintiff, as the consideration therefor, viz., the assumption and payment of the indebtedness therein mentioned to the San Francisco Savings Union, was accomplished or performed prior to the commencement of this action, or at any time, or at all."

The objection was overruled, and an exception reserved.

After the plaintiff rested his case, the defendants offered to prove that the plaintiff had not paid the five dollars mentioned in the deed, or any part thereof, or any indebtedness on account of the defendants, or either of them, to the San Francisco Savings Union.

The evidence was objected to by the plaintiff as irrelevant, incompetent, and immaterial, and the objection was sustained, the defendants reserving an exception.

Upon the question of the pendency of another action when this action was commenced, the court found:—

"That on the twenty-fifth day of January, 1879, the said plaintiff herein instituted an action against said defendants herein in the County Court in and for the said county of Santa Clara, for the unlawful detention by them of the premises described in the complaint herein, which said action was based upon the alleged wrongful detention and withholding said premises by defendants

from said plaintiff, after the termination of an alleged lease thereof, made to defendants by plaintiff," and that that action was still pending.

The court further found:—

"That the same issues, matters, and things involved in said action in said county court are not in issue or involved in this action, and the cause of action is not the same."

Judgment was rendered in favor of the plaintiff, and the appeal is from that judgment and an order denying a new trial.

1. There was no error in permitting the plaintiff's deed to be read in evidence. It was regular in form and properly executed, and the plaintiff was not required to allege or prove the consideration for its execution. (Civ. Code, secs. 1614, 1615.)

2. When the defendants delivered their deed to plaintiff, the title to the property described therein vested absolutely in him, and his agreement to pay the debt to the San Francisco Savings Union did not constitute a condition upon a breach of which the title would revest in them. (*Hartman* v. *Reed*, 50 Cal. 485.)

By the terms of the deed the plaintiff assumed and was to pay the mortgage debt, and when he accepted the deed, he became bound to pay it, and to indemnify and hold the defendants harmless against its payment. As between themselves he became the principal debtor and they his sureties. (*Boardman* v. *Larrabee*, 51 Conn. 39; *Comstock* v. *Drohan*, 71 N. Y. 9; *Slauson* v. *Watkins*, 86 N. Y. 601; *Bowen* v. *Beck*, 94 N. Y. 89; *Sparkman* v. *Gove*, 44 N. J. L. 252.)

For the purposes of this case, it was immaterial, therefore, whether the plaintiff had paid the five dollars to the defendants, or the debt to the Savings Union, or not. The title to the property being vested in the plaintiff, his right to recover its possession could not be defeated by showing that he had failed to pay the stipulated consid-

eration for it.   If the defendants considered themselves damnified by the plaintiff's failure to pay their debt at the time and in the manner he had bound himself to pay it, their remedy was by an action such as was upheld in *Sparkman* v. *Gove, supra,* and the cases therein cited.

It follows that the court did not err in excluding the offered evidence.

3. In an action to recover the possession of land, a plea in abatement, that another action is pending beween the same parties, will not be sustained unless it appear that the same title, the same injury, and the same subject-matter are in controversy in both actions.   "It is not sufficient that the second action is brought to recover the same land.   It must be for the same injury, and the same matters must be in issue that were in issue and might have been tried in the first action; otherwise the causes of action are not identical.   If a judgment in the first suit would not be conclusive in the second, the pendency of the former action cannot defeat the second." (*Vance* v. *Olinger,* 27 Cal. 360; *Larco* v. *Clements,* 36 Cal. 132.)

As the former action, the pendency of which was pleaded in abatement in this action, was for an unlawful detainer, after the expiration of an alleged lease, it is clear that the same matters were not in issue in both actions, and a judgment in the first action would not be conclusive in the second.   (*Kirsch* v. *Smith,* 64 Cal. 14.)

4. The testimony showed the rental value of one of the pieces of land in controversy to be three hundred dollars per annum.   The court found its rental value to be twenty-five dollars per month.   One of these seems to us to be the equivalent of the other, and the defendants were in no way prejudiced by the finding.

5. As the defendants made their deed to the plaintiff less than five years before the commencement of this action, they cannot avail themselves of the statute of limitations.

The judgment and order should be affirmed.

FOOTE, C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.