[No. 13454. Department One. — June 23, 1891.]

JAMES E. C. LEONARD, APPELLANT, *v.* PATRICK FLYNN ET AL., RESPONDENTS.

EXECUTION — CERTIFICATE OF SALE — CONVEYANCE BY PURCHASER — ASSIGNMENT — SHERIFF'S DEED TO GRANTEE. — The conveyance of a purchaser's interest in land purchased at execution sale before the time for redemption expires operates as an assignment of the sheriff's certificate of sale, and the subsequent execution of a sheriff's deed to the grantee of the execution purchaser vests such grantee with a perfect title.

EJECTMENT — PLEA IN ABATEMENT — ANOTHER ACTION PENDING — ORDER OF PROOF. — In an action of ejectment, where, in addition to the de-

fense of abatement by reason of the pendency of a former action, the defendant relies upon other defenses, which go directly to the merits of the cause, it is the better practice for the trial court to require the defendant to present his evidence upon his plea in abatement at the opening of his defense.

ID. — SECOND ACTION ON AFTER-ACQUIRED TITLE. — A plaintiff may have two suits against the same defendant for the recovery of the possession of the same land pending at the same time, if the second action is brought on a title acquired after the commencement of the first; and the pendency of a former action by one having merely an equitable title to the land is not a bar to a second action by the same plaintiff after he has acquired the legal title.

ID. — STATUTE OF LIMITATIONS — DELIVERY OF SHERIFF'S DEED. — The statute of limitations does not commence to run against a purchaser of land at a sheriff's sale until the sheriff's deed has been delivered to him.

ID. — IMPROVEMENTS BY DEFENDANT — EQUITABLE ESTOPPEL. — The fact that shortly after the entry of the defendant upon the land he placed valuable improvements thereon, with the knowledge of the plaintiff and his grantors, and without any objection from them, and that at that time the plaintiff and his grantors knew their title, and that it was the same at the commencement of the action, is not sufficient to constitute an equitable estoppel as against the plaintiff.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Charles B. Younger,* for Appellant.

As the judgment in the former suit was merely one of nonsuit, it could not be conclusive herein. (*Vance* v. *Olinger,* 27 Cal. 358; Freeman on Judgments, sec. 261; *Fleming* v. *Hawley,* 65 Cal. 492; *Merritt* v. *Campbell,* 47 Cal. 542; *Page* v. *Lynch,* 8 Pac. Coast L. J. 497.) At the time of the commencement of this action the former action had been dismissed, and was not then pending. (*Moore* v. *Hopkins,* 83 Cal. 270.) A plea in abatement of the pendency of another action is to be strictly construed. (*Ontario State Bank* v. *Tibbits,* 80 Cal. 68. See *Thompson* v. *Lyon,* 14 Cal. 39.) A title acquired by a party to an action of ejectment, after the commencement of the action, is not affected by the judgment in such action.

(*Murray* v. *Green,* 64 Cal. 303.)   A plaintiff may have
two suits against the same defendant for the recovery of
the possession of the same land pending at the same
time, if the second is brought on a title acquired after
the commencement of the first.  (*Vance* v. *Olinger,* 27
Cal. 358.)   The same title, the same injury, and the
same subject-matter were not in controversy in both
actions, which was necessary in order to sustain an
answer of the pendency of another action.  (*Larco* v.
*Clements,* 36 Cal. 132.)   If at the time of the commence-
ment of this action there had been another action pend-
ing between the same parties for the same cause, the
decision would have been merely in abatement, and not
in bar.  (*Coubrough* v. *Adams,* 70 Cal. 374.)   The con-
veyance from Briody to Curn, and from the latter to
Edward Leonard, operated to transfer the sheriff's cer-
tificate of sale to Edward Leonard, who was the person
entitled to receive the sheriff's deed.  (*Green* v. *Clark,*
31 Cal. 591; *Ward* v. *Dougherty,* 75 Cal. 240; 7 Am. St.
Rep. 151.)   At the time of the execution of the sheriff's
deed, Edward Leonard became the owner of said land,
and the statute of limitations did not begin to run
against him until the execution of said sheriff's deed.
(*Jefferson* v. *Wendt,* 51 Cal. 573; *Collins* v. *Driscoll,* 69
Cal. 550.)   The facts that defendant relied upon to con-
stitute an estoppel are not sufficient, and entirely fail in
the essentials to an equitable estoppel.  (*Boggs* v. *Merced
Mining Company,* 14 Cal. 279; *Smith* v. *Penny,* 44 Cal.
161; *Griffeth* v. *Brown,* 76 Cal. 260; *Wheaton* v. *Insurance
Company,* 76 Cal. 432; 9 Am. St. Rep. 216; *Montgomery*
v. *Koppel,* 75 Cal. 128; 7 Am. St. Rep. 125; *Watson* v.
*Sutro,* 86 Cal. 500.)

*Julius Lee,* for Respondents.

The former action was pending when this action was
commenced.  (Code Civ. Proc., sec. 1047.)   The judg-
ment in the former action has been called a judgment

of nonsuit, but is not such in fact. But whatever the form of that judgment may be, the same title, the same injury, and the same subject-matter cannot be again litigated between the same parties while that action is pending. (*Vance* v. *Olinger*, 27 Cal. 358.)

GAROUTTE, J. — This is an action to recover possession of 16.73 acres of land described by metes and bounds, and situate in Santa Cruz County.

Defendant Eugene Flynn disclaims all interest and possession.

Defendant Patrick Flynn denies the allegations of the complaint; alleges title in himself; alleges that the cause of action is barred by the provisions of sections 312, 318, and 325 of the Code of Civil Procedure; " that another action is pending between the same parties, asking for the same relief; that for a long time prior to November 12, 1884, defendant's grantor was seised in fee and possessed of said tract of land, and upon said day she transferred her interest therein to defendant, who thereupon entered into the actual possession of said land, and ever since that time has had and now has the actual, exclusive, notorious, and adverse possession thereof, against all the world, claiming the same in his own right, and during said time has paid all the taxes assessed thereon."

Defendant also sets out facts which he claims constitute an equitable estoppel against plaintiff.

As conclusions of law, the court found, " that defendant and his grantor had been in the adverse possession of the land for more than five years prior to the commencement of the action; that plaintiff was not the owner and was not entitled to the possession thereof; that the action is barred by reason of the pendency of the former action; that plaintiff is estopped," etc.

This is an appeal by plaintiff from the judgment and order denying his motion for a new trial.

Plaintiff and defendant claimed title from a common source.

Plaintiff's title rests upon a sheriff's deed based upon a judgment and execution against Mary J. Roache, who was originally seised of the property in fee.

1. It is conceded that the proceedings of the sheriff in selling the tract of land under execution were valid; that Edward Briody was the purchaser at such sale, and the certificate of sale was issued to him December 13, 1873.

Briody conveyed to Margaret Curn, who was a grantor of plaintiff.

Defendant claims title by virtue of a quitclaim deed from Mary J. Roache, dated November 13, 1884.

The court found that Robert Orton, as ex-sheriff of Santa Cruz County, upon May 28, 1888, made a deed to Edward Leonard, based upon the aforesaid execution and sale of this tract of land.

Leonard at that time was the equitable owner of the land, under mesne conveyances from Briody.

The court further found that the deed from Briody to Curn was made June 11, 1874, and prior to the expiration of the time for redemption. The fact that the deed was made prior to the expiration of the time for redemption is immaterial, for it operated to transfer Briody's interest in the property, and was equivalent to an assignment of the certificate of sale.

In *Page* v. *Rogers*, 31 Cal. 301, Justice Sawyer, after an exhaustive examination of the law pertaining generally to this matter, held that the estate of a purchaser of realty at a judicial sale may be seized and sold under execution, and that, too, prior to the expiration of the time for redemption.

He says: "If a sale of a purchaser's interest after the time for redemption expires operates as an assignment of the sheriff's certificate of sale, a sale before the time expires must have the same operation."

To the same effect is *Green* v. *Clark*, 31 Cal. 591; *Ward* v. *Dougherty*, 75 Cal. 244; 7 Am. St. Rep. 151.

Upon May 28, 1888, Edward Leonard, claiming the property through mesne conveyances from Briody, the time for redemption having long since expired, and being the assignee of the certificate of sale by reason of these conveyances, certainly had a perfect equitable title to the realty as against Mary J. Roache, the judgment debtor, and all parties having notice of these matters, and was entitled to a deed of the property from the sheriff.

The deed of the sheriff, dated May 28, 1888, conveyed to him the dry legal title, which, in conjunction with his equity, gave him a perfect title, which he passed by conveyance to his grantee, the plaintiff here.

2. We will now examine the conclusion of the court "that there is another action pending between these parties, involving the same subject-matter."

In a case such as we have under investigation here, where, in addition to the defense of abatement by reason of the pendency of another action, the defendant relies upon other defenses, which go directly to the merits of the cause, it would seem to be the better practice for the trial court to require the defendant to present his evidence upon his plea in abatement at the opening of his defense; for if proven to be meritorious, it would in many cases save much useless labor and great expense in litigating other defenses.

In addition to finding favorably to the defendant upon his plea in abatement, the court found that the plaintiff had no title, and was not entitled to the possession; that the plaintiff was estopped, and that the defendant had gained title by adverse possession; and proceeded to pass final judgment upon the merits of the action.

The defendant, by his answer, asked that this action abate by reason of the pendency of a prior action.

The court found that such action was pending, and instead of abating this action by reason of such fact, for all practical purposes, it proceeded to abate the prior action by adjudicating upon all matters involved therein.

It would be an absurdity for the trial court to hold that the action should abate, and then proceed at once to try it upon its merits, and render final judgment. This proposition needs no authority to support it; but *Larco* v. *Clements*, 36 Cal. 134, and *Coubrough* v. *Adams*, 70 Cal. 379, are directly in point.

In the former action between these parties, after the plaintiff had presented his evidence to the court and rested, upon motion of the defendant he was nonsuited, and immediately thereafter filed the complaint in this action.

Respondent's contention that that action is not pending cannot be sustained in the face of the provisions of section 1049 of the Code of Civil Procedure, and also, if we may be allowed to speak *dehors* the record, in face of the fact that that case is now pending before us, under final submission, and ripe for decision.

Conceding that in all other respects these two actions are identical, yet the finding of the court in this regard must be set aside, because appellant acquired the legal title to the land in litigation after the commencement of the first action.

A plaintiff may have two suits against the same defendant for the recovery of the possession of the same land pending at the same time, if the second is brought on a title acquired after the commencement of the first. (*Vance* v. *Olinger*, 27 Cal. 358; *Mann* v. *Rogers*, 35 Cal. 318; *Larco* v. *Clements*, 36 Cal. 132; *Murray* v. *Green*, 64 Cal. 368.)

The finding of the court, therefore, that another action was pending between these parties, etc., is not supported by the evidence, and is erroneous; but this finding upon the question of abatement, being erroneous, presents the anomalous proposition that for that reason, perchance, the judgment should be affirmed, for we are now compelled to examine respondent's defenses to the merits of the cause.

3. Plaintiff's grantor, as we have already seen, was not possessed of the legal title to this tract of land until he received the deed from the sheriff, May 28, 1888. He had no right of entry until that time, and it was only at that time that his cause of action accrued. The statute of limitations does not begin to run until the cause of action has accrued. (*Collins* v. *Driscoll*, 69 Cal. 550.) If he had no right of entry until 1888, it would be a harsh rule to hold that a title by adverse possession was undergoing the process of creation against him prior to that time; yet there are some reasons, and also authority from other states, supporting such rule of law. (*Pratt* v. *Pratt*, 96 U. S. 704.)

We will not enter into a detailed discussion of this question, owing to the fact that it is essentially a rule of property, and therefore it is of vast importance that the law as heretofore laid down by this court should be deemed unquestioned and conclusive.

"The statute of limitations does not commence running against a purchaser of land at a sheriff's sale until the sheriff's deed has been delivered to the purchaser." (*Jefferson* v. *Wendt*, 51 Cal. 573.)

For the foregoing reasons, we deem it unnecessary to enter into a detailed examination of the evidence upon which the defendant relies to create his title by reason of an adverse possession for the period of five years.

4. The facts that defendant relied upon to constitute an estoppel, as shown by his answer, are, — " that shortly after his entry upon this tract of land he placed valuable improvements thereon; that at that time plaintiff and his grantors well knew that he was making such improvements, and claimed the land as his own, and they did not object to the making of such improvements, nor did they, or any one of them, make known to him that they claimed any interest in said land."

The court found in conformity with the foregoing al-

legations, and, in addition, found that at the time plaintiff and his grantors knew their title, and that it was the same at the commencement of the action.

Neither the facts alleged nor the facts found are sufficient to constitute an equitable estoppel. (*Boggs* v. *Merced Mfg. Co.*, 14 Cal. 279.)

Let the judgment and order be reversed, and the cause remanded for a new trial.

HARRISON, J., and PATERSON, J., concurred.