[L. A. No. 3859. Department One.—February 13, 1917.]

SARAH L. CONNER, Executrix of the Last Will of C. L. Conner, Deceased, Appellant, v. BANK OF BAKERSFIELD (a Corporation), Respondent.

BANK—LIABILITY ON CERTIFIED CHECK.—By certifying a check the bank on which it is drawn becomes bound as a direct and original promisor to the payee. Its obligation is one to pay money only, and the measure of damages for the breach of such obligation is the amount due by the terms of the obligation with interest thereon.

ID.—PLEADING—ITEMS OF DAMAGE NOT RECOVERABLE.—The sufficiency of a complaint to enforce such obligation is not impaired by the fact that the plaintiff asks for more items of damage than are recoverable.

ID.—ANOTHER ACTION PENDING—DILATORY PLEA—IDENTITY OF CAUSES OF ACTION.—The plea of another action pending is dilatory in its nature, and is not favored. It may be raised by demurrer, but not unless the complaint shows affirmatively that the prior action possessed such characteristics as to make the plea available. One of these requisites is that the causes of action and the issues in the two suits must be substantially the same.

ID.—PRIOR ACTION IN INTERPLEADER—DEMURRER RAISING PLEA OF—ADDITIONAL ISSUES RAISED IN SECOND ACTION.—In an action against the bank by the holder of a certified check payable to bearer to recover the face thereof, with interest thereon, the bank cannot, by demurrer to the complaint, assert the plea of the pendency of a prior action in interpleader brought by it against the plaintiff and another claimant to the check, where it fails to affirmatively appear on the face of the complaint that the question of the bank's liability for interest was involved in the interpleader action.

ID.—OBJECT OF ACTION IN INTERPLEADER.—The only question that can be litigated between the plaintiff and the defendants in an action of interpleader is whether the plaintiff is entitled to compel the defendants to interplead with respect to their conflicting claims to the fund or debt alleged by plaintiff to be in his hands, or due from him. The defendants cannot litigate any other claim against the plaintiff.

ID.—JUDGMENT ON ESTABLISHING PLEA — ABATEMENT OF ACTION.—The defense of another action pending does not authorize a judgment on the merits. The only relief to which a defendant is entitled upon establishing this defense is a judgment that the action abate.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

C. C. Cowgill, and Peter A. Breen, for Appellant.

J. W. Wiley, and R. B. Lambert, for Respondent.

SLOSS, J.—Plaintiff appeals from a judgment entered upon the sustaining of the defendant's demurrer to the second amended complaint.

The complaint in question alleged that on July 21, 1910, one Planz drew his check for $3,799.66 on the defendant, the Bank of Bakersfield, payable to "Kern Valley Bank or bearer." Negotiable paper, so drawn, is payable to the bearer. (Civ. Code, sec. 3102.) On the same day the check was certified by the defendant bank. On May 19, 1911, the plaintiff presented the check to the defendant, but the defendant refused to pay the same, and it has never been paid to plaintiff. On July 20, 1911, the defendant bank commenced an action of interpleader against the plaintiff and Planz, in which the plaintiff and Planz "were required to and did interplead together concerning their claims to the said check and to the said money called for thereby." Plaintiff and Planz appeared in said action, and thereafter the court rendered judgment therein in favor of the plaintiff that she, as executrix, was entitled to have paid to her the amount of said check. It is not alleged that this judgment has become final, and the action of interpleader is apparently still pending.

The complaint alleges further that plaintiff was compelled to employ counsel in said action, and to expend money for costs and traveling expenses, and has been deprived of the use of said sum of $3,799.66, and of interest thereon, from the nineteenth day of May, 1911. It is also alleged that the plaintiff has suffered general damages in the further sum of $2,350. The prayer is for judgment for interest on the amount of the check, together with the amount of the various other items of damage alleged.

The demurrer specified as grounds (1) that the complaint does not state facts sufficient to constitute a cause of action, and (2) that there is another action pending between the same parties for the same cause. This demurrer having been sustained without leave to amend, judgment was entered that the plaintiff take nothing by the action, and that the defendant recover from plaintiff its costs.

By certifying the check the bank became bound as a direct and original promisor to the payee. (1 Morse on Banks and Banking, 4th ed., sec. 414; 5 R. C. L. 523, 524.) Its obligation was one "to pay money only," and the measure of damages for the breach of such obligation is "the amount due by the terms of the obligation, with interest thereon." (Civ. Code, sec. 3302.) The complaint alleges that the check, payable to bearer, was presented by plaintiff to the certifying bank, and payment refused. Clearly, therefore, the pleading stated a cause of action for the recovery of the face of the check, with interest from the date of presentation. The sufficiency of the complaint as stating a cause of action is, of course, not impaired by the fact that the plaintiff may have asked for more items of damage than are recoverable.

Nor was the demurrer properly sustained upon the second ground specified. The plea of another action pending is dilatory in its nature, and is not favored. (1 C. J. 28; *Thompson* v. *Lyon,* 14 Cal. 39, 42; *Larco* v. *Clements,* 36 Cal. 132.) It may be raised by demurrer (Code Civ. Proc., sec. 430, subd. 3), but not unless the complaint shows affirmatively that the prior action possessed such characteristics as to make the plea available. One of these requisites is that the causes of action and the issues in the two suits must be substantially the same. (1 C. J. 61; *Martin* v. *Splivalo,* 69 Cal. 611, 615, [11 Pac. 484] ; *Heilbron* v. *Fowler etc. Canal Co.,* 75 Cal. 426, 433, [7 Am. St. Rep. 183, 17 Pac. 535] ; *Hall* v. *Susskind,* 109 Cal. 203, [41 Pac. 1012] ; *Howard* v. *Hewitt,* 139 Cal. 614, [73 Pac. 414].) The former action here relied upon, one of interpleader, was begun some two months after a cause of action had, under the facts alleged in the present complaint, accrued to the plaintiff in this action. So far as appears from the face of the complaint, the plaintiff then had a right to recover two months' interest. It cannot be determined from the record before us whether this right was involved in the interpleader suit. In interpleader suits "there may always be a twofold contest: First, as to the right of the plaintiff to bring the suit and to force the defendants to interplead; and, if such right is maintained, the litigation among the defendants. . . . Whether the plaintiff shall be permitted to maintain such an action is first determined, and, if his right is sustained, an interlocutory decree is entered, requiring the defendants to litigate their claims *inter sese.*"

(*San Francisco Sav. Union* v. *Long,* 123 Cal. 107, [55 Pac. 708].)    The only question that can be litigated between the plaintiff and the defendants in such action is whether the plaintiff is entitled to compel the defendants to interplead with respect to their conflicting claims to the fund or debt alleged by plaintiff to be in his hands, or due from him.    The defendants cannot litigate in the interpleader suit any other claim against the plaintiff.    (23 Cyc. 27; *Adams* v. *Dixon,* 19 Ga. 513, [65 Am. Dec. 608]; *Williams* v. *Matthews,* 47 N. J. Eq. 196, [20 Atl. 261].)    "Defendants are entitled to aver and prove any facts which show that the complainant is not entitled to maintain his bill" (23 Cyc. 27), but they cannot, by counterclaim or cross-complaint, seek affirmative relief against the plaintiff concerning matters not embraced within his bill.    (*Wakeman* v. *Kingsland,* 46 N. J. Eq. 113, [18 Atl. 680].)    "The only relief which a defendant can have against the plaintiff in such a suit is to have the action dismissed."    (*Los Angeles* v. *Amidor,* 140 Cal. 400, [73 Pac. 1049].)    It is entirely consistent with the allegations of the complaint in this case that the bank, in beginning the interpleader suit against this appellant and Planz, conceded no liability on its part beyond the principal sum of the check. If the defendants had come in and consented to an interlocutory order requiring them to interplead, and to the consequent dismissal of the bank, each of them might have been precluded from asserting that the bank was under any further liability arising out of the check.    (*San Francisco Sav. Union* v. *Long,* 123 Cal. 107, [55 Pac. 708]; *Woodmen of the World* v. *Rutledge,* 133 Cal. 640, [65 Pac. 1105].)    But it does not appear that there was any such consent.    For all that the complaint shows, this appellant may have resisted an order of interpleader upon the very ground that the bank owed her interest on the check from the date of presentation by her, and that the bank had not tendered payment of such interest.    If this was the situation, the interpleader suit did not involve the entire cause of action presented by the present complaint.    An inspection of the record of the former action would be required to determine how far the causes of action and the issues in the two suits are identical.    The plea should, therefore, in this case be raised by answer rather than by demurrer to the complaint.

Furthermore, the judgment here given was one on the merits. The defense of another action pending does not authorize such a judgment. The only relief to which a defendant is entitled upon establishing this defense is a judgment that the action abate. (*Larco* v. *Clements,* 36 Cal. 132; *Casey* v. *Jordan,* 68 Cal. 246, [9 Pac. 92, 305]; *Coubrough* v. *Adams,* 70 Cal. 374, [11 Pac. 634]; *Leonard* v. *Flynn,* 89 Cal. 535, [23 Am. St. Rep. 500, 26 Pac. 1097].)

The judgment is reversed.

Shaw, J., and Lawlor, J., concurred.