## Adolph Arnold, Herman Arnold, Theodore Arnold and Benjamin F. Baker v. Hans Hems.

1. PRACTICE—*Court May Recall its Process and Quash it.*—There is no principle of law better recognized than that which gives to courts of record power over the process of their courts, and such courts will recall their process and quash the same, when it is shown that it would be illegal or inequitable to permit its further use, or to allow it to be enforced.

2. SAME—*Courts May Compel Credits on Judgments.*—The court has power, in all cases, to compel credits on judgments or executions, where it would be illegal or inequitable to proceed to collect the amount claimed. A court of justice will never permit a plaintiff, simply because he has acquired an unjust advantage by obtaining an execution, to retain and enforce it.

Assumpsit.—Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded with directions. Opinion filed May 21, 1900.

**Statement.**—At the August term, 1896, of the County Court, defendant in error filed a claim in that court against Arthur J. Howe and Gustav A. Bodenschatz, insolvents, Charles L. Boyd being their assignee. The claim was for money deposited with the insolvents as bankers, and, as evidence of the claim, defendant in error referred to and produced his bank pass-book with the insolvents. The claim, amounting to $770.51, was allowed April 5, 1899. Indorsed on the claim is the following:

"April 5, '99.

Received of Charles L. Boyd, assignee of Howe & Bodenschatz, $154.10, being a first dividend of 20 per cent upon the within claim against estate.

M. B. AARON,<br>Atty. for Hans Hems."

That defendant in error received the dividend he admits.

Before Howe and Bodenschatz became insolvent they were partners in the banking business with Adolph Arnold, Herman Arnold, Theodore Arnold and Benjamin F. Baker under the firm name and style of Arnold Bros., Baker & Co. After filing his claim in the County Court but before the same was allowed, defendant in error, in February, 1897, commenced suit against the Arnolds, Baker and Howe and Bodenschatz, being all the members of the old firm of Arnold Bros., Baker & Co. Such proceedings were had in the suit that judgment was recovered by defendant in error against all the defendants therein February 11, 1898, for the sum of $516.85.

April 25, 1899, the Arnolds and Baker moved the Circuit

Arnold v. Hems.

Court for a rule on Hems, the plaintiff in that suit, defendant in error here, to show cause why he should not be required to credit on the judgment rendered in that court the sum of $154.10, paid to him by the assignee of Howe & Bodenschatz, which motion was supported by affidavit. The court granted the rule but subsequently, after a hearing, discharged it.

Defendant in error, in answer to the affidavit in support of the rule, admitted the receipt of $154.10, as heretofore stated, but deposed that it was paid on a claim against Howe & Bodenschatz, and denies an allegation in the affidavit for the rule, that the claim allowed in the County Court was the same for which judgment was recovered in the Circuit Court. He refers to a transcript of the proceedings in the County Court, and makes the same a part of his affidavit.

It appears from the affidavit in support of the rule that the name of the bank in which Arnold Bros., Baker & Co., carried on business prior to November 4, 1895, and in which Howe & Bodenschatz carried on business thereafter, was Haymarket Produce Bank, and that defendant in error deposited with Arnold Bros., Baker & Co., prior to November 4, 1895, and with Howe & Bodenschatz after that date. It was admitted by defendant in error's attorney, on the hearing of the rule to show cause, that the pass-book referred to in his affidavit of claim in the County Court, was the pass-book offered in evidence on the trial of the suit in the Circuit Court, as the basis of his claim in said suit. The pass-book contains a number of printed conditions on which deposits will be received, and provides, among other things, for the allowance of interest on deposits of five dollars and upward, at the rate of four per cent per annum. The account in the pass-book is thus headed:

" Dr.   ARNOLD BROS., BAKER & CO.
In account with HANS HEMS.   Cr."
"RECEIPTS."

The account shows the total amount of credits for deposits and interest due thereon to be $901.77, and the total

amount of payments to be $131.26, the excess of credits over payments being $770.51, the amount of the claim allowed by the County Court.

The total amounts credited to defendant in error after November 4, 1895, is $266.26, which is all for deposits, except two items for interest amounting to $26.62. It is evident, therefore, that the claim made and allowed includes not merely the amount which accrued for deposits and interest after November 4, 1895, when the firm of Arnold Bros., Baker & Co. was dissolved, but that it includes the total amount due from Arnold Bros., Baker & Co. to defendant in error, on the hypothesis which the County Court, in allowing the claim, evidently adopted, that that firm, including Howe and Bodenschatz, was responsible for the deposits and interest shown by the pass-book both before and after the dissolution of the firm. Deducting the amount with which defendant in error was credited in the account after November 4, 1895, $266.26, from the total claim allowed in the County Court, $770.51, leaves $504.25. The judgment in the Circuit Court was $516.85, the difference between $504.25 and $516.85 having probably been allowed as interest.

This writ of error is prosecuted to review the order of the Circuit Court refusing to apply the amount received from the assignee as a credit upon the judgment of the Circuit Court.

ESCHENBURG & WHITFIELD and SAMSON & WILCOX, attorneys for plaintiffs in error.

M. B. AARON and BLUM & BLUM, attorneys for defendant in error.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

We are of opinion that the Circuit Court should have allowed the motion of plaintiff in error, and required that the dividend received from the assignee be credited *pro rata* upon the judgment.

In Sandburg v. Papineau, 81 Ill. 448, it is held to be proper practice to compel credits upon judgments or executions, where it appears that there has been partial satisfaction. The court said :

" There is no principle of law better recognized than that which gives to courts of record power over the process of their courts. It is essential to the administration of justice, and it by no means depends upon statutory enactment, but the power is coeval with the common law courts; and such courts will recall their process and quash the same, when it is shown that it would be illegal or inequitable to permit its further use, and to allow it to be enforced. If a judgment were satisfied, and, through mistake or design, an execution were to issue upon it, does any one suppose the court from which it issued is powerless to recall and quash it? Or if it was only partially satisfied, and an execution were to issue for the full amount of the judgment, would any one have the hardihood to say that the court could not order the credit to be indorsed on the execution? So the court has power, in all cases, to compel credits on judgments or executions, where it would be illegal or inequitable to proceed to collect the amount claimed. A court of justice will never permit a plaintiff, simply because he has acquired an unjust advantage by obtaining an execution, to retain and enforce it."

That the relief may be thus afforded upon motion in a court of law, without resort to chancery, is established by this decision.

There remains then, only the question as to whether the payment of this dividend should be treated as a partial satisfaction of the judgment. We are of opinion that it should. Bardwell v. Lydall, 7 Bing. 489; Cohen v. L'Engel, 11 So. R. 44.

In the language of Sandburg v. Papineau, *supra*, it would be " inequitable to proceed to collect the amount" represented by this judgment, when it had been in part satisfied. The order of the Circuit Court is therefore reversed and the cause is remanded, with directions to credit upon the judgment of that court the *pro rata* amount of the dividend, viz., $103.37.

Reversed and remanded with directions.