[L. A. No. 1095. Department Two.—September 30, 1903.]

CITY OF LOS ANGELES, Respondent, v. ANNA E. AMI-
DOR et al., Defendants; H. C. BOHRMANN, Appellant.

INTERPLEADER—FUND HELD BY CITY—VOID PROCEEDING TO WIDEN STREET
—COUNTERCLAIM—DISMISSAL.—In an action of interpleader brought
by a city to compel defendants to litigate their rights to a fund held
by the city, after void proceedings taken to widen a street, one of
the defendants cannot change the nature of the action by a counter-
claim against the city to enforce a reconveyance of land deeded
to the city toward payment of an assessment under the void pro-
ceedings and to recover a residue of money paid thereon; and
such counterclaim cannot preclude a dismissal of the action by the
city as to such defendant.

APPEAL from a judgment of the Superior Court of Los
Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

E. E. Bacon, for Appellant.

W. B. Mathews, for Respondent.

McFARLAND, J.—This is an appeal by the defendant
H. C. Bohrmann from the judgment and order dismissing the
action on motion of plaintiff.

The plaintiff is a municipal corporation. A large number
of persons are made defendants. The substantial averments
of the complaint are, that plaintiff instituted proceedings un-
der a certain act of the legislature to widen, etc., a certain
street; that assessments were levied on certain pieces of land
belonging to the various defendants to provide for the proposed
work, and that many of such assessments were paid into the
city treasury; that the aggregate of the assessments thus paid
was $4,889.57; that all of said amount of money was paid out
in said work, except $310.74; and that afterwards it appeared
from decisions of the courts that the act under which the pro-
ceedings were had was not applicable to the city of Los An-
geles; and that therefore the said proceedings were null and
void. It is averred that plaintiff has paid said remaining sum

of $310.74 into court; and the prayer of the complaint is, that defendants claiming any interest in said money be required to interplead one with the other as to their respective rights to said fund, and that plaintiff may go hence, etc. It was also averred that said defendant Bohrmann, in discharge of his assessments, which amounted to $580, conveyed to plaintiff a strip of land valued at $345, and paid into the said treasury the balance—$235—in cash.

Appellant, Bohrmann, filed an answer which contained some denials as to the several amounts of money mentioned in the complaint, and a certain matter contended by him to be a legal counterclaim in the action. The plaintiff demurred to the answer, and the demurrer was sustained. Afterwards, on motion of plaintiff, the action was dismissed as to appellant, Bohrmann. The ultimate question in the case is whether or not plaintiff had the right to have the case dismissed; and therefore the ruling of the court on the demurrer, so far as the first part of the answer is concerned,—touching the amounts, etc.,—is immaterial. If, however, the counterclaim was a proper one in the case, then the sustaining of the demurrer and the dismissal of the action were erroneous.

The contention set up by appellant is substantially this: That defendant conveyed the piece of land hereinbefore mentioned to plaintiff, and paid said $235 in consideration of the benefit to accrue to defendant's property by the opening, etc., of said street, and that as plaintiff had abandoned all intention to .open said street, and confesses its inability to do so, the consideration of said conveyance and the payment of said money has failed; and the prayer is, that plaintiff be compelled to reconvey said land to defendant, and to pay to. him the said $235.

The action was on its face an action of interpleader. If appellant considered the complaint insufficient as a complaint in interpleader, he should have demurred to it, and if his demurrer had been held good the action would have ended. But in such case a defendant cannot, by a counterclaim or cross-complaint, change the character of the action. (See 2 Am. & Eng. Ency. of Plead. & Prac., p. 470, and cases there cited.) The only relief which a defendant can have against the plaintiff in such a suit is to have the action dismissed.

CXL. Cal.—26

(*Wakeman* v. *Kingsland*, 46 N. J. Eq. 113.) It is not necessary, therefore, to consider respondent's other contention, that the averments of appellant's answer do not state facts sufficient to constitute a valid counterclaim, even if in this case a counterclaim is admissible. If appellant has any rights against respondent arising out of the matters set up in the answer, they can be considered only when presented in a proper action.

The judgment and orders appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.