Michael C. McDonald *et al.*

*v.*

Jesse Holdom, Admr.

*Opinion filed February 17, 1904.*

1. Appeals and Errors—*appeal may be taken as to separate items of administrator's account.* Upon an accounting by an administrator an appeal may be prosecuted from the separate items of the administrator's account.

2. Estoppel—*when a party is estopped to complain that interest and principal were not sued for at same time.* Defendant to a suit on an administrator's bond is estopped to complain that the amount found due as principal and that found due as interest were not sued for in one action, where the administrator prevented such course by prosecuting an appeal from the allowance of the item of interest.

3. Judgments and Decrees—*when court cannot order satisfaction of judgment.* When a judgment is paid or discharged a court of law may enter satisfaction of the judgment on its record, but it is powerless, after the term at which the judgment was entered, to enter satisfaction for matters which existed at the time the judgment was entered and which might have been pleaded and proved in bar.

Appeal from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. Elbridge Hanecy, Judge, presiding.

It appears from the record that on December 1, 1894, Joseph Salomon was appointed by the probate court of Cook county administrator to collect of the estate of George Wincox, deceased; that on February 11, 1897, Jesse Holdom was appointed by said probate court ad-

ministrator of said estate; that on March 4, 1897, Salomon filed his account as administrator to collect in said court, showing receipts $29,857.02, disbursements $5030.65, balance on hand $24,826.37; that on January 28, 1898, objections were filed to said account, on which day the probate court entered an order reciting that it appeared from said account that Salomon admitted he had in his hands, belonging to the said estate, the sum of $24,826.37, which amount the court ordered him to pay to Holdom, as administrator, and ordered the further hearing upon the objections to said account to be continued; that no appeal was prosecuted from said order; that on February 9, 1898, the probate court sustained objections to items contained in said account, aggregating the sum of $4715, and charged Salomon interest on said sums of $24,826.37 and $4715, aggregating the sum of $29,541.37, for one year, at five per cent per annum,—that is, from February 9, 1897, to February 9, 1898,—which amounted to the sum of $1477.06, on the ground that said Salomon had during that period used the money belonging to said estate in his own business, which interest, added to the amount of the items stricken from said account and for which said administrator to collect had been refused credit, amounted to the sum of $6192.06, and ordered said Salomon to pay said amount to Holdom, as administrator, in addition to said sum of $24,826.37, which he had before that time been ordered to pay to Holdom, as administrator; that Salomon appealed from that part of the order which refused him credit in his account for the sum of $4715 and which charged him with the sum of $1477.06 as interest, to the circuit court of said county, where, on June 30, 1898, a judgment was rendered in that court for $6249.25 against Salomon, in favor of Holdom, as administrator, that judgment being the same as that of the probate court, with the interest which had accrued upon the sum of $4715 of disallowed items between the dates of the judgments in the probate and circuit courts; that

208—9

Salomon appealed from that judgment to the Appellate Court, (85 Ill. App. 613,) and from a judgment of affirmance in that court to this court, (186 Ill. 445,) where the judgment of the Appellate Court was affirmed; that after the decision of this court in that case two suits were brought by Holdom, as administrator, against Joseph Salomon and Michael C. McDonald, as surety, one upon the appeal bond from the circuit court to the Appellate Court, and one upon the appeal bond from the Appellate Court to the Supreme Court; that on February 16, 1901, in the suit upon the appeal bond from the circuit to the Appellate Court, judgment was rendered in favor of Holdom, administrator, and against Salomon and McDonald, for $8000 debt and $7093.78 damages and costs, which judgment, on January 30, 1902, was affirmed by the Appellate Court (99 Ill. App. 656); that on January 23, 1902, in the suit upon the appeal bond from the Appellate Court to the Supreme Court, judgment was rendered in favor of Holdom, administrator, and against Salomon and McDonald, for $8000 debt and $7373.75 damages and costs, the difference in the two judgments being the amount of the interest which accrued upon the amount sued for between the dates of the respective judgments; that on May 2, 1898, Salomon having failed to pay to Holdom, administrator, the amount, to-wit, $24,826.37, ordered to be paid to Holdom by the probate court on January 28, 1898, Holdom commenced suit in the circuit court of Cook county upon the bond of Joseph Salomon, as administrator to collect, against Joseph Salomon as principal and Moses Salomon and Michael C. McDonald as sureties, and recovered judgment for $60,000 debt and $29,791.64 damages and costs, said judgment being for the sum of $24,826.37 ordered paid by the probate court on January 28, 1898, and the statutory penalty of twenty per cent on said amount; that an appeal from that judgment was prosecuted to the Appellate Court, (89 Ill. App. 374,) where it was held the sureties were not liable for said penalty, but that

they were liable for interest at five per cent on said sum of $24,826.37 from the date of demand by Holdom upon Joseph Salomon to July 8, 1899, which demand was found by the court to have been made on March 21, 1898, and which interest was found by the court to amount to $1593.35, which, added to the sum of $24,826.37, equaled the sum of $26,419.72, and affirmed the judgment of the circuit court, upon Holdom, administrator, consenting to a *remittitur* of the amount of said judgment in excess of $26,419.72, which judgment was affirmed by this court (191 Ill. 290); that after the affirmance by this court of the judgment upon the bond of the administrator to collect, that judgment was paid in full, and thereafter the sum of $5678.15 was paid to Holdom, administrator, by Salomon, to apply upon the judgments obtained upon said appeal bonds, which, it was claimed, fully satisfied the same, with the exception of $1477.06, and interest thereon, charged to Joseph Salomon by the probate court in his account for wrongfully using the money of said estate in his own business from February 9, 1897, to February 9, 1898, and which amount and accrued interest were included in the circuit court judgment on the appeal from the judgment of the probate court, and a motion was made in the circuit court in each of the cases brought upon said appeal bonds, that the court direct the clerk thereof to satisfy of record each of said judgments. Affidavits in support of the motion, and counter-affidavits, were filed, and the court granted said motion and ordered that said judgments be satisfied. Holdom, as administrator, sued out writs of error from the Appellate Court to reverse the orders entered in each of said cases, in which court the orders of the circuit court were reversed and the cases were remanded, with direction to the circuit court to enter an order in each of said cases expunging from the judgment docket of that court the satisfaction of said judgments entered therein, respectively, pursuant to said orders of said circuit court. The

two writs of error sued out from the Appellate Court to the circuit court were considered in the Appellate Court together, and but one opinion was filed in disposing of said writs. Separate appeals, however, have been prosecuted to this court, and this appeal involves the validity of the order satisfying the judgment entered in the circuit court upon the appeal bond from the Appellate to the Supreme Court.

EDWARD MAHER, and ROBERT F. KOLB, for appellants:

Interest is but an incident to the debt. *McConnel* v. *Thomas*, 2 Scam. 313; *Willard* v. *Dubois*, 29 Ill. 52.

A plaintiff should not be permitted to recover the interest in one and the principal in another suit. *Hoblit* v. *Bloomington*, 71 Ill. App. 204.

A party cannot divide an entire demand so as to bring several actions for its recovery. *Casselberry* v. *Forquer*, 27 Ill. 171; *Rosenmueller* v. *Lampe*, 89 id. 215; *Railway Co.* v. *Nichols*, 57 id. 464; *Campe* v. *Morgan*, 21 id. 255; *Nickerson* v. *Rockwell*, 90 id. 460; *Potter* v. *Gronbeck*, 117 id. 405.

A cause of action cannot be split into several. Where there is a cause of action reduced to judgment the cause of action is merged in the judgment. Such merger is not only of the part brought directly in question, but must necessarily be of the entire cause of action, whether or not the party suing has recovered all he might have recovered in some other action. *Presson* v. *Worthen*, 66 Ill. App. 457; *Savage* v. *French*, 13 id. 22.

Where it appears to the court that a judgment has been paid or otherwise satisfied, the court should direct its satisfaction upon the records. *Harding* v. *Hawkins*, 141 Ill. 583; 2 Black on Judgments, sec. 1014; *Briggs* v. *Thompson*, 20 Johns. 293; *Robinson* v. *Chesseldine*, 4 Scam. 332; *Morris* v. *Thomas*, 17 Ill. 112; 19 Ency. of Pl. & Pr. 128, 136, 122; 17 Am. & Eng. Ency. of Law, (2d ed.) 869; *McHenry* v. *Watkins*, 12 Ill. 232; *Campion* v. *Friedburg*, 55 Ill. App. 450.

Where two judgments exist for the same debt, payment of one is a satisfaction of both and satisfaction of both may be ordered, and it may be done on *audita querela.* 19 Ency. of Pl. & Pr. p. 122, note 4; *Lockhart* v. *McElroy*, 4 Ala. 572; *Tarver* v. *Rankin*, 3 Ga. 210; *Appeal of Bowser*, 101 Pa. 466; *Brown* v. *Joy*, 9 Johns. 221.

BULKLEY, GRAY & MORE, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It is apparent from the statement of facts preceding this opinion that the matter in dispute between the parties to this appeal is the right of the appellee to recover the amount of $1477.06 as interest allowed the appellee by the judgment of the probate court on February 9, 1898, for the wrongful use of the money of the estate by Joseph Salomon in his own business from February 9, 1897, to February 9, 1898, and which amount was included, with accrued interest, in the circuit court judgment on appeal from the judgment of the probate court. The judgment of the circuit court having been affirmed by the Appellate and Supreme Courts, it would seem the right of the appellee to recover said interest had been settled in favor of the appellee beyond controversy. It is, however, contended by the appellants, that the probate court had no right to separate the interest from the principal sum of $24,826.37, which was on January 28, 1898, ordered paid to Holdom, as administrator, and afterwards, on February 9, 1898, to order the sum of $1477.06, as interest on said principal sum and as interest upon the $4715, to be paid to Holdom, as administrator, and it is urged that when the appellee brought suit upon the bond of the administrator to collect, for the principal sum of $24,826.37, he abandoned his right to recover the interest which had been held to have accrued upon said principal sums prior to the date said principal sum of $24,826.37 was ordered

paid to the appellee. We do not agree with that contention. While it is true that the plaintiff cannot ordinarily split a demand, and recover in one action the principal and in another the interest due upon the principal sum, in the probate court, it is held, upon an accounting by an administrator, an appeal may be prosecuted from each item of the administrator's account. (*Morgan* v. *Morgan*, 83 Ill. 196.) In this case Joseph Salomon prosecuted the appeal from the order of the probate court, and thereby severed the item allowed for interest from the principal sum, and he, or his surety upon said appeal bond, can not be heard to complain that the appellee did not sue for said principal sum, and the interest thereon, at the time he brought suit upon the bond of the administrator to collect, when, by the appeal of the administrator to collect from the judgment allowing said item of interest, he prevented the appellee from pursuing that course. When the suit upon the bond of the administrator to collect was here, (191 Ill. 290,) the converse of the position now taken by the appellants was then assumed by Joseph Salomon, and it was then contended by him that no recovery could be had in that case, for the reason that his appeal from the order of the probate court disallowing the items in his account to the amount of $4715 and charging him with interest to the amount of $1477.06 was then pending and the amount for which he was liable upon said bond could not then be determined; but this court held that the pendency of said appeal did not constitute a valid reason for Salomon not paying to Holdom, as his successor in office, the portion of the estate which he admitted was in his hands and belonged to Holdom, as administrator. It has heretofore been held by this court (186 Ill. 445) that the item of $1477.06 allowed for interest was properly charged to the account of Joseph Salomon. No claim is made that said interest has been paid by Joseph Salomon or released by the appellee. The question, therefore, of the liability of Joseph Salomon to pay

said interest is *res judicata* and cannot be inquired into collaterally, by motion or otherwise. When the liability of Joseph Salomon to pay the judgment for $6249.25 of the circuit court, rendered upon the appeal from the judgment of the probate court, was finally decided by this court and he failed to pay the same, he and his surety upon the appeal bond from the Appellate Court to this court became liable on said appeal bond to pay the judgment of the circuit court, and judgment having been rendered against the appellants upon said appeal bond for the amount of the judgment of the circuit court, which included said item of interest, that judgment was final and could only be discharged by the payment or release of said judgment. Furthermore, the term at which the judgment upon the appeal bond had been rendered having expired, the jurisdiction of the circuit court over said judgment, and its right to eliminate from said judgment the said item of $1477.06 and the accrued interest thereon, had ceased. A court of law, when a judgment has been paid or discharged, may cause satisfaction of the judgment to be entered upon its record, but it is powerless to cause the satisfaction of a judgment to be entered, after the term at which it was rendered has expired, for matters which existed at the time the judgment was rendered and which might have been pleaded and proven in bar of the action. All the matters sought to be reviewed by the motion made in the circuit court existed before the judgment sought to be satisfied was rendered, and the circuit court was without jurisdiction to enter the order of July 28, 1902, the effect of which was to change a judgment which had been rendered by said court at a former term.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*