[L. A. No. 6025. Department Two.—June 17, 1920.]

SARAH L. CONNER, Executrix, etc., Respondent, v. THE BANK OF BAKERSFIELD (a Corporation), Appellant.

[L. A. No. 6058. Department Two.—June 17, 1920.]

SARAH L. CONNER, Executrix, etc., Appellant, v. THE BANK OF BAKERSFIELD (a Corporation), Respondent.

[1] INTERPLEADER—ISSUE.—In an action to compel interpleader, the only question which can be litigated between the plaintiff and the defendants therein is the right to compel the interpleader, and neither of the defendants in such an action can obtain affirmative relief against the plaintiff, and their claims against the plaintiff, if any, arising out of the subject matter of the interpleader, cannot be put in issue in the interpleader suit, but will be considered only when presented in another and different action.

[2] ID.—CONFLICTING CLAIMS TO FUND—RIGHT OF BANK.—Where a bank was the holder of a fund which admittedly was due from it and in which it claimed no interest whatever, but there were conflicting claims to the fund between which the bank could not decide without risk of injury to itself, it had the right to bring an action to compel the conflicting claimants to the fund to interplead.

1. Grounds and purposes of interpleader, note, 91 Am. St. Rep. 594.

[3] ID.—STATUS OF PLAINTIFF—DISINTERESTED STAKEHOLDER.—The plaintiff in interpleader must be a disinterested stakeholder, and a dispute as to the amount due is fatal to the action.

[4] ID.—INTEREST-BEARING FUND—MAINTENANCE OF ACTION—ESTOPPEL.—In an action in interpleader brought by a bank to determine conflicting claims to the money called for by a certified check, if the check is interest-bearing, a claim to interest has the effect of putting in issue the extent of the obligation of the bank and the action is not maintainable, and, in such a case, if the defendants fail to question the extent of the obligation, they are estopped from later attempting to claim a greater obligation than that admitted and consented to in the interpleader.

[5] ID.—DAMAGES FOR REFUSAL TO PAY CHECK—LIABILITY NOT DETERMINABLE.—In an action in interpleader brought by a bank to determine conflicting claims to money called for by a certified check, which was not interest-bearing, and wherein the bank admitted its liability to whichever defendant proved the superiority of his claim, no claim for damages for refusal to pay the check upon presentation could be litigated in such action.

[6] ID.—RIGHT TO DAMAGES—FAILURE TO SET UP CLAIM—LACK OF WAIVER.—The right to claim damages for refusal of a bank to pay a certified check on presentation is not waived by the failure of the claimant to set up the claim as a bar to an interpleader suit brought by the bank upon the theory that the bank had an interest in the outcome of the litigation because of its liability for damages in the event that it was found the holder of the check was entitled to payment.

[7] ID.—DEFEAT OF RELIEF—INTEREST IN SUIT—NATURE OF.—An interest of the plaintiff in an interpleader suit in order to defeat the relief therein prayed for must be in the very thing or fund itself, which is the subject matter of the controversy.

[8] INTEREST—DAMAGES—TIME OF RECOVERY—EXCEPTION TO RULE.— While ordinarily interest which is allowed as damages is strictly incidental to the debt and no action' for such damages can be maintained after the debt ceases by payment of the principal as such in the absence of an agreement reserving the right, the rule cannot be invoked, where the conditions of payment are such that the person entitled to payment is precluded from asserting the claim at the time of payment.

[9] ID.—ACTION FOR DAMAGES—REFUSAL TO PAY CHECK—AMOUNT OF INTEREST.—In an action to recover damages for the refusal to pay a check on presentation after the determination of an interpleader suit and deposit of the fund in court, no greater amount is recoverable than interest from the date of the refusal to the date of the deposit in court.

---

APPEALS from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.   Affirmed.

The facts are stated in the opinion of the court.

J. W. Wiley and Wiley & Lambert for Appellant and Respondent The Bank of Bakersfield.

Peter A. Breen and C. C. Cowgill for Respondent and Appellant Sarah L. Conner, Executrix, etc.

LENNON, J.—On July 21, 1910, defendant, The Bank of Bakersfield, certified a check in the sum of $3,799.66, drawn by G. J. Plantz and payable to the Kern ·Valley Bank.   Plantz then delivered the check to the Kern Valley Bank for the account of C. L. Conner.   Conner died a short time thereafter and plaintiff herein was appointed executrix of his will.   On May 19, 1911, plaintiff presented said check to The Bank of Bakersfield, which refused payment.   On July 20, 1911, this bank commenced an action in interpleader requesting that said executrix and Plantz be required to set out their conflicting claims to the money called for by the check.   The executrix and Plantz thereupon interpleaded between themselves and the case came on for trial on September 21, 1912, on which date the amount of the check, namely, $3,799.66, was deposited in court by the bank.   On December 9, 1912, the court rendered judgment in favor of the executrix, and on March 6, 1917, when this judgment became final, the fund deposited in court was paid by the clerk to the executrix in accordance with the judgment.   The present action was brought by the executrix to recover from The Bank of Bakersfield damages for its refusal to pay the check when presented.   The lower court sustained a general demurrer to the complaint and ordered judgment thereon in favor of defendant, which judgment was reversed by this court. (*Conner* v. *Bank of Bakersfield,* 174 Cal. 400, [163 Pac. 353].)   Defendant then answered.   At the trial plaintiff waived all claims for damages except the claim for interest at the rate of seven per cent per annum on said $3,799.66 from May 19, 1911, to March 6, 1917.   The court gave judgment for plaintiff for $356.10 as damages, that sum

being interest at seven per cent on $3,799.66 from May 19, 1911, the date of the presentation of said check, to September 21, 1912, the date of deposit in court. The bank appeals from this judgment, claiming that plaintiff is not entitled to any damages. An appeal is also taken by the executrix, who contends that the amount awarded is too small. The appeals were presented together.

, The contention of the bank in this case is that the plaintiff herein, by stipulating in the interpleader suit that the bank was only a stakeholder in so far as the interpleader suit was concerned and that the check might be deposited in court, and by litigating her claim to the fund without objection, released the bank from any liability for damages.

"In *Southern Pac. R. R. Co.* v. *United States,* 168 U. S. 1, [42 L. Ed. 355, 18 Sup. Ct. Rep. 18, see also, Rose's U. S. Notes], it is said: 'The general principle announced in numerous cases in this court is that the right, question, or fact, definitely put in issue and directly determined by the court of competent jurisdiction as a ground of recovery, cannot be contested in a subsequent dispute between the same parties or their privies.' " (*Green* v. *Thornton,* 130 Cal. 482, 485, [62 Pac. 750].) Moreover, a judgment is conclusive in all other actions involving the same question and upon all matters involved in the issues which might have been litigated and decided in the case. (*Bingham* v. *Kearney,* 136 Cal. 176, [68 Pac. 597].) A party cannot, however, be held to be precluded from pursuing, in a subsequent action, matters which were not within the issues in the former action, and the present plaintiff can only be held to have waived her right to obtain damages for the refusal to pay the check in the event that she was entitled to set up this right in the interpleader suit and failed to do so.

A defendant in interpleader has the right to put in issue the question as to whether or not the facts were such as to entitle the plaintiff to compel the defendants to interplead. It has therefore been held in effect that, if the defendants in interpleader have fully litigated their claims without objection, they will be deemed to have consented to the remedy invoked and granted, and will not later be heard to object that the plaintiff's complaint did not state a cause

of action for interpleader or that plaintiff's obligation to them was anything more or less than they consented and acknowledged it to be in the first instance for the purposes of interpleader. (*San Francisco Sav. Union* v. *Long,* 123 Cal. 107, [55 Pac. 708].) **[1]** However, in an action to compel interpleader, the only question which can be litigated between the plaintiff and the defendants therein is the right to compel interpleader. Neither of the defendants in such an action can obtain affirmative relief against the plaintiff, and their claims against the plaintiff, if any, arising out of the subject matter of the interpleader, cannot be put in issue in the interpleader suit, but will be considered only when presented in another and different action. (*Los Angeles* v. *Amidor,* 140 Cal. 400, [73 Pac. 1049]; *Conner* v. *Bank of Bakersfield, supra.*)

**[2]** The Bank of Bakersfield was the holder of a fund which admittedly was due from it and in which it claimed no interest whatever, but there were conflicting claims to the fund between which the bank could not decide without risk of injury to itself. It therefore had the right to bring an action to compel the conflicting claimants to the fund to interplead. (Code Civ. Proc., sec. 386.) **[3]** It is true that the plaintiff in interpleader must be a disinterested stakeholder and a dispute as to the amount due is fatal to the action. **[4]** Had the check itself been interest-bearing, plaintiff's claim to interest would have had the effect of putting in issue the extent of the obligation of the bank on the check and, therefore, the action could not have been maintained. (*Appeal of the Bridesburg Mfg. Co.,* 106 Pa. St. 275.) In such a case, if a defendant failed to question the extent of the obligation of the plaintiff, he would be estopped from later attempting to claim a greater obligation than that admitted and consented to in the interpleader. But in the instant case the check was not interest-bearing, and there is no question but that the amount deposited by the bank in the interpleader suit was all that was due on the bank's original obligation.

In the interpleader suit the bank admitted an obligation due either to a depositor, Plantz, or the holder of a certified check, the executrix. Both obligations were contractual in nature and no other or different liability was admitted by the bank in that action, nor could it have been compelled to litigate any liability in that action. **[5]** No claim for

damages for breach of contract could be litigated until it was first determined upon which contract the bank was liable, and it was for the purpose of determining the latter question that the interpleader suit was brought. The claim now set up by the executrix is a claim for damages for breach of contract by refusing to pay on demand, the measure of such damages being interest on the amount of the check from the date of the refusal, and it was incumbent upon the executrix to prove her right to receive payment as against Plantz before asserting this claim to damages. While the bank admitted its liability on the original obligation to whichever defendant proved his claim to be superior, it admitted no liability for refusal to pay on demand, and, for all that appeared in the interpleader suit, it might have had defenses to a claim for damages for breach of contract, such as insufficiency of the demand for payment, etc. The claim for damages for breach of contract was therefore dependent upon the outcome of the interpleader suit, but could not be litigated in that suit, for it was a claim for affirmative relief by one of the defendants against the plaintiff and was not part of the original obligation which constituted the subject matter of the controversy. (*Los Angeles* v. *Amidor, supra.*) [6] Nor did the executrix waive her claim to damages by failing to set it up as a bar to the interpleader suit upon the ground that the bank had an interest in the outcome of the litigation because of its liability for damages in the event that the executrix was found to have been entitled to payment. The interest of the bank was not of such a nature as to prevent it from being a mere stakeholder of the fund which was the subject matter of the interpleader suit. [7] An interest of the plaintiff in interpleader, in order to defeat the relief therein prayed for, must be in the very thing or fund itself which is the subject matter of the controversy. "An interest in the legal question at issue to be determined by the result of the litigation will not prejudice the plaintiff's right to the relief. If, therefore, the plaintiff has, with respect to other property not the subject matter of the present suit, an interest that one of the defendants shall succeed, because the decision thus made will be favorable to his own future litigation concerning that other property,—this is no objection to his

maintaining a suit for an interpleader.'' (4 Pomeroy's Equity Jurisprudence, sec. 1472; *Oppenheim* v. *Wolf*, 3 Sand. Ch. (N. Y.) 571.)

[8] Ordinarily, interest which is allowed as damages is strictly incidental to the debt, and no action for such damages can be maintained after the debt ceases by payment of the principal as such in the absence of an agreement reserving the right. (1 Sutherland on Damages, 4th ed., sec. 372; Civ. Code, sec. 3290.) This rule cannot be invoked, however, where the conditions of payment are such that the person entitled to payment is precluded from asserting the claim to damages at the time of payment. The bank severed the claim to interest as damages from the original obligation by compelling the executrix to prove her right to the amount of the check in the interpleader suit without an opportunity to present the claim for damages. The bank is not, therefore, in a position to complain of the present action. (*McDonald* v. *Holdom*, 208 Ill. 128, [70 N. E. 21].)

The statements in the conclusions of law and judgment of the court in the interpleader suit to the effect that upon payment to the executrix the bank should be absolved from further liability on the check to both or either of said defendants undoubtedly refer to the liability for the amount of the check alone, which, as above stated, was the only liability on the part of the bank which could have been passed upon by the court under the issues in that case. Likewise the stipulation was not extraneous in its application, but went only to the extent of recognizing the bank as a stakeholder for the purposes of the interpleader action.

[9] While the present plaintiff is not estopped from bringing this action for damages, she cannot be held entitled to a greater amount of damages than that awarded by the trial court, namely, interest from the date of refusal to the date of deposit in court. This is so because ''where there is a legal contest between persons other than the debtor, rendering it doubtful to whom the debt should be paid, the debtor is not generally chargeable with interest during such contest, although if the fund in such cases has been used by the debtor and has earned interest the court will allow interest thereon notwithstanding the pendency of the litigation. . . . Where a fund in litigation

or the amount of a disputed claim is deposited in court, or subject to its order, interest is not recoverable thereon during the time it remains so deposited.'' (22 Cyc., p. 1558.) ''Where a bill of interpleader is properly filed, the payment of the money into court stops the running of interest; but if the fund is not paid into court it is proper to compute interest up to the rendition of the final decree.'' (23 Cyc. 29; 1 Sutherland on Damages, 4th ed., p. 1223.)

When a debtor has deposited the money beyond his control in the custody of the court and within the reach of the rightful owner, he has done all that the law requires of him. Under such circumstances, in the absence of fraud or collusion, he cannot be held for damages for a continuing breach of contract because of the wrongful claims of third parties. If the plaintiff in interpleader were liable for interest as damages from the date of the refusal to pay until the payment to the person entitled, the burden of the loss caused by the necessity of deciding between conflicting claims would be thrust upon the innocent stakeholder, thus producing the very result which the action of interpleader was designed to avoid.

The judgment is affirmed.

Wilbur, J., and Sloane, J., concurred.

Hearing in Bank denied.

Angellotti, C. J., Shaw, J., Lawlor, J., and Sloane, J., concurred.