## Liberty Loan Association of Staunton, Illinois, Appellee, v. Alphonso Bosen et al.    Walter C. Entsminger, Appellant.

### Gen. No. 8,079.

1. FORECLOSURE OF MORTGAGES—*purchase by mortgagee on foreclosure as extinguishing debt.* The original debt owing a mortgagee is extinguished by his bidding in the mortgaged property at foreclosure sale for the full amount then due and receiving all the money due.

2. FORECLOSURE OF MORTGAGES—*right to possession and rent during redemption period.* The owner of the equity of redemption is entitled to the possession of the premises and to receive the rents and profits until the time of redemption has expired.

3. FORECLOSURE OF MORTGAGES—*necessity of receiver during period of redemption.* In case mortgaged premises have been sold for énough at foreclosure sale to satisfy the decree, interest and costs, there is no necessity for a receiver during the redemption period.

4. FORECLOSURE OF MORTGAGES—*presumption that bid on foreclosure sale equals premises' value.* The presumption is that the amount a mortgagee bids at foreclosure sale for the mortgaged premises, covering the decree, interest and costs, equals the value of the premises.

Appeal by defendant from the City Court of Litchfield; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1927. Reversed and remanded with directions. Opinion filed October 31, 1927.

PAUL MCWILLIAMS, for appellant.

OMER POOS and E. D. GEORGE, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

On April 22, 1926, appellee filed its bill to foreclose a certain mortgage executed by Alphonso Bosen and Eva Bosen, who were nonresidents and were served by publication. The amount of the debt secured by the mortgage was $4367.26, which, together, with the solicitors' fees and the amounts paid by appellee for taxes and insurance, made a total indebtedness of $4839.74. The premises were sold by the master in chancery and appellee bid the full amount of the debt

above mentioned therefor, and a certificate of purchase was issued to him. Subsequently, on December 7, 1926, appellee filed a written motion for the appointment of a receiver in which it is alleged that the mortgage debtors had not paid the taxes for the year 1925 and have not kept the property insured pursuant to the terms of the mortgage. Walter C. Entsminger, appellant, was originally made a party to the foreclosure suit, he being, at that time, a tenant in possession residing on said premises. On May 8, 1926, the Bosens, by deed, conveyed all their right, title and interest to him. The premises were bid in by appellee for the sum of $4839.74, and it is stipulated they are reasonably worth between $4500.00 and $5000.00. The chancellor entered a decree appointing a receiver to collect the rents and profits during the equity of redemption, and to reverse this order the appellant prosecutes this appeal.

If we understand the evidence correctly, the sum of $4839.74, bid by appellee at the sale for the premises, included not only the principal debt but also the moneys paid out for the taxes for the year 1925, the insurance in question and the solicitors' fees. In any event appellee having bid the full amount of all indebtedness due it at the time of the sale and having received from the master in chancery all the money due, the original indebtedness became paid and extinguished. *Burnham v. Roth,* 244 Ill. 344; *Elgin City Banking Co. v. Hancock,* 183 Ill. App. 23. Appellant as owner of the equity of redemption is entitled to the possession of the premises and to receive the rents, issues and profits thereof until the time of redemption has expired. Where the premises have been sold for enough to satisfy the foreclosure decree, interests and costs, there is no necessity for a receiver. *Ruprecht v. Muhlke,* 225 Ill. 188; *Davis v. Dale,* 150 Ill. 239; *Haigh v. Carroll,* 209 Ill. 576.

It is suggested by counsel for appellee that as the Bosens, the original mortgagors, were nonresidents

and had to be served by publication and consequently no deficiency decree against them could have been entered, it was compelled to bid the full amount of the indebtedness, interest and costs, in order to protect itself against a redemption of the property for less than its debt and therefore the usual rule should not be applied. We cannot agree with this contention because appellee had its option to bid at the sale what the mortgaged property was reasonably worth and pursue its remedy at law for the unpaid balance of the debt in the domicile of the debtors, or it could bid the full amount of the indebtedness on the mortgage sale and thereby extinguish the debt. In this instance it chose to take the latter course and it will be presumed that the value of the premises was equal to the amount of the bid.

The decree of the city court of Litchfield is reversed and the cause remanded with directions to deny the motion for the receiver.

*Reversed and remanded.*