E. J. Silberman, Appellee, v. Maria Becklenberg and Fred Becklenberg, Appellants.

Gen. No. 37,830.

 251

 Opinion filed February 25, 1935. Re-
hearing denied March 11, 1935.

WILHARTZ, HIRSCH & SCHANFARBER and MERWIN M.
HART, all of Chicago, for appellants; SAMUEL E.
HIRSCH, JULIAN H. LEVI, EUGENE H. NIRDLINGER,
ABRAHAM MILLER and IRVING S. BERMAN, all of Chi-
cago, of counsel.

ABRAM L. MYERS, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the
court.

This suit was an action begun December 19, 1933,
upon bond No. 11 of the Austin Boulevard Apart-
ments, made by defendants December 16, 1927, for the
sum of $1,000, with interest at 6½ per cent, payable
to bearer and maturing December 16, 1933. Attached
were coupons representing interest falling due on the
bond on June 16 and December 16, 1933. On May 21,
1934, the court, having stricken an amended affidavit
of merits, entered judgment by default in favor of
plaintiff and against defendants for $1,084. Defend-
ants appealed, filing a bond which was approved June
13, 1934. The record was filed in this court August 31,
1934.

The bond sued on was one of a series of bonds
aggregating $48,000 made by defendants and secured
by a trust deed of even date conveying certain real
estate in Cook county, Illinois, to Milton S. Yondorf,
as trustee. Defendants undertook to interpose the
defense that by reason of certain provisions printed
on the face of the bond and others contained in the
trust deed to which the bond referred, the owner could
not maintain a suit at law thereon. In opposition to
this defense plaintiff relied on *Oswianza v. Wengler
& Mandell,* 273 Ill. App. 239, 241, which was then

pending on certiorari in the Supreme Court. Defendants urged that the decision was wrong and relied upon a reversal of it by the Supreme Court. However, since the appeal in this case was perfected that case has been affirmed by the Supreme Court, 358 Ill. 302, and defendants do not argue error with respect to the judgment entered by the trial court.

Pending the appeal, on July 17, 1934, defendants entered a motion for leave to file a petition in the nature of a writ of *audita querela,* setting up certain facts on account of which it was prayed the judgment should be in part satisfied. This motion was denied by the court August 29, 1934, and defendants, appealing from that order also, filed a supplemental record in this court and now argue at length error by reason of the entry of it.

The petition was duly verified and set up the execution of the trust deed to Yondorf to secure payment of the bonds. It averred that after the execution of the bond, namely, on January 26, 1928, defendants conveyed the real estate by warranty deed to Norman J. McLeod, who received the conveyance subject to the trust deed; that September 10, 1929, Norman J. McLeod and wife conveyed the premises to Charles Drechsler and Gertrude Drechsler by a like deed, they also assuming and agreeing to pay the indebtedness represented by the outstanding bonds; further, that on February 5, 1934, Yondorf as trustee filed an action in the circuit court of Cook county, Illinois, cause No. 34C 1485, against defendants and Charles and Gertrude Drechsler to foreclose the trust deed; that a decree of foreclosure and sale was entered in that proceeding on June 5, 1934, and that the master in chancery advertised the property for sale; that the proceedings were for the equal use and benefit of plaintiff, together with all other holders of bonds secured by the trust deed, and that plaintiff had an equal

interest in the proceeds derived from the foreclosure sale; that the trust deed provided that Yondorf as trustee should have full power and authority to represent plaintiff and all other bondholders with respect to their bonds, and specifically provided that each legal holder held the same upon condition that in case of foreclosure "the Trustee, if he deems it for the best interests of all of the holders of said bonds so to do, and in order that no advantage in the sale of said premises upon foreclosure may be taken by or accrue to any holders of said bonds over any other holders of said bonds, may, at the sale, if said premises shall not be bid in by some other person, persons or corporation for the full amount of the debt, bid in, in his own name as trustee, said premises for the equal benefit of all of the holders of said bonds, included in said foreclosure, either for the full amount of the debt or for a less amount, leaving such deficiency as he may deem proper."

The petition also averred that by reason of this provision and the decision of the Appellate Court of Illinois in *Straus v. Chicago Title & Trust Co.*, 273 Ill. App. 63, it was the duty of the trustee to bid in the property for the equal and pro rata benefit of all the bondholders, including plaintiff, and that the indebtedness claimed by plaintiff was subject and subordinate to the right of the trustee to satisfy it by such a purchase; that on June 29, 1934, pursuant to the terms of the trust deed, the trustee, as agent for and trustee of all the owners, bid for the whole property at the foreclosure sale $41,000; that the trust deed provided that in case the trustee should become the purchaser he should be entitled to receipt to the officer making the sale for the full amount of his bid as agent and trustee of the holders of the bonds, ratably for each and all of them, after allowing in cash for the costs and expenses of the foreclosure sale; that for that pur-

pose the trustee was constituted irrevocably the attorney for each and all of the bondholders; that the bondholders agreed to contribute and pay to the trustee upon demand their proportionate share of the cash payment on demand; that the trustee was authorized to sue for and recover the same, and if the same should not be otherwise paid the trustee should have a lien therefor upon the interest of any holder of the bonds who failed to pay the same, and that he might retain the amount realized from the premises, from the net rents of the premises, or from such sale thereof, or otherwise.

It was also averred that the decree of foreclosure provided that the trustee might receipt for the amount to the master on behalf of all the bondholders, the same as if his bid were in cash; that the proceeds of the sale were $41,000, which was paid by the master to the trustee and was receipted by him as of June 29, 1934; that under the decree of foreclosure the total indebtedness found due including all expenses of foreclosure was $47,009.60; that the master pursuant to the decree rendered his report of sale and distribution; that on July 12, 1934, an order was entered approving same and finding there remained due and unpaid to the trustee, as agent for and trustee of all the bondholders, $6,009.60, for which defendants and Charles and Gertrude Drechsler were personally liable; that the order directed that execution issue forthwith and that the deficiency decree should be a first lien against the rents, issues and profits of the property theretofore and thereafter collected by the receiver during the period of the equity of redemption.

The petition also alleged that defendants had theretofore been unable to present these matters, for the reason that they occurred subsequently to the entry of the judgment; that defendants were entitled to have the judgment satisfied to the extent and proportion that the purchase price paid at the foreclosure sale

bore to the total indebtedness, as found due by the decree of foreclosure and sale, and that such sum amounted to $945.42.

A copy of the order approving the master's report of sale and distribution was attached to the petition and made a part thereof. As already stated, the court entered an order denying leave to file the petition. In support of their argument that the court erred in denying leave to file the petition, defendants urge several propositions of law, concerning which there can be no controversy.

They urge that a provision in a trust deed authorizing a trustee to bid for and in behalf of the bondholders is valid and binding. The authorities are numerous to that effect. *Pflueger v. Broadway Trust & Savings Bank,* 351 Ill. 170 (affirming 265 Ill. App. 569); *Sturgis Nat. Bank v. Harris Trust & Savings Bank,* 351 Ill. 465 (affirming 266 Ill. App. 199); *Yondorf v. Newman,* 272 Ill. App. 627 (Abst.); *Straus v. Chicago Title & Trust Co.,* 273 Ill. App. 63; *Sage v. Central R. Co.,* 99 U. S. 334; *First Nat. Bank v. Neil,* 137 Kan. 436, 20 P. (2d) 528; *Hoffman v. First Bond & Mortgage Co.,* 116 Conn. 320; *Nay Aug Lumber Co. v. Scranton Trust Co.,* 240 Pa. St. 500.

Defendants also urge that a trustee at a foreclosure sale need not pay cash on his bid, even though the sale is so advertised and required as to others, but that he may offer the indebtedness evidenced by the decree of foreclosure and sale, and that such application satisfies the indebtedness *pro tanto.* The authorities so hold. *Belleville Savings Bank v. Reis,* 136 Ill. 242; *Burnham v. Roth,* 244 Ill. 344 (affirming 126 Ill. App. 222); *Chicago Joint Stock Land Bank v. McCambridge,* 343 Ill. 456; *Liberty Loan Ass'n v. Bosen,* 246 Ill. App. 362; *Yondorf v. Newman,* 272 Ill. App. 627 (Abst.); Reeve, Ill. Law of Mortgages & Foreclosures, vol. 2, pp. 779–781.

They further urge that where two judgments are recovered on the same cause of action, there can be but one satisfaction, and the payment of the one discharges the other. It is so held in the cases above cited and many others. See also Corpus Juris, vol. 33, secs. 11, 12. They urge that where facts constituting payment or discharge of an indebtedness occur after the entry of judgment, the judgment debtor is entitled to have the judgment satisfied either by a proceeding by writ of *audita querela* or by motion in the action in which the judgment was entered. There are numerous decisions which so hold. It is sufficient to cite *Harding v. Hawkins,* 141 Ill. 572 (reversing 37 Ill. App. 564); *McDonald v. Holdom,* 208 Ill. 128; *People v. Wilmot,* 254 Ill. 554; *Handley v. Moburg,* 266 Ill. App. 356.

They also urge that partial demand in satisfaction may be entered and credited of record by a similar application. It is so held in *Sandburg v. Papineau,* 81 Ill. 446; *Arnold v. Hems,* 89 Ill. App. 313; Corpus Juris, vol. 34, secs. 1118, 1119. They also urge that the court has jurisdiction to entertain a petition in the nature of a writ of *audita querela,* although an appeal has been taken and an appeal bond approved, but further, that assuming the trial court to be without jurisdiction to entertain such application, the appellate tribunal has the power to order the judgment satisfied. It has been so held in the courts of some jurisdictions. *Buckeye Refining Co. v. Kelly,* 163 Cal. 8, 124 Pac. 536; *Connell v. Higgins,* 170 Cal. 541, 150 Pac. 769; Corpus Juris, vol. 34, sec. 1116.

Conceding all these propositions, however, there remains for consideration the controlling question in this case, namely, whether the facts set up in the petition bring defendants within the rules announced in the cases cited. In *Rohrer v. Deatherage,* 336 Ill. 450, the Supreme Court said of a mortgage in default:

"In such case the mortgagee has several remedies which he may pursue to enforce the payment of his debt. He may sue the mortgagor in assumpsit for a judgment upon the personal obligation; he may sue in equity for the foreclosure of the mortgage; or he may recover the possession of the mortgaged property by an action of ejectment. These remedies are concurrent or successive, as the mortgagee may deem proper, and he may pursue any two or all three of the remedies simultaneously. (*Bradley v. Lightcap,* 202 Ill. 154; *Fish v. Glover,* 154 id. 86; *Harper v. Ely,* 70 id. 581; *Rogers v. Meyers,* 68 id. 92; *Carroll v. Ballance,* 26 id. 9; *Vansant v. Allmon,* 23 id. 26.)" To the remedies there enumerated recent decisions of the Supreme Court and this court seem to have added the right to bring an action by way of forcible detainer. *West Side Trust & Savings Bank v. Gerstein,* 270 Ill. App. 250; *West Side Trust & Savings Bank v. Lopoten,* 358 Ill. 631, 639.

Of course, a creditor is entitled to only one satisfaction. He has no right to be paid twice, and the authorities are all to the effect that the debtor may, where the obligation has been satisfied, present a motion in the nature of a writ of *audita querela* to compel the satisfaction to be entered of record. The facts set up in the petition fall short of showing that the debt to plaintiff has been paid. The bill to foreclose, it is to be noted, was not brought by plaintiff but by the trustee. The decree in the foreclosure case did not run in favor of plaintiff here, but of the trustee. The petition does not allege that plaintiff has received any cash thus far out of the foreclosure proceedings. Indeed, it is not alleged that the trustee has realized any cash out of that transaction. All that plaintiff has thus far obtained is an equitable interest in the estate held by the trustee for himself and others, including the grantees of defendants and a right to an

accounting from that trustee after all the expenses of the administration of the trust have been paid. The petition therefore seems premature. If defendants desire to appropriate the benefits of the foreclosure proceeding, the way seems open and clear, namely, to pay the judgment rendered against them on the bond and seek subrogation to the rights of plaintiff therein. *Howard v. Burns*, 279 Ill. 256.

The court did not err in denying defendants leave to file the petition, and the order is therefore affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.