Frank M. McKey, Jr., Successor Trustee, Appellee, v. Victory Ice and Ice Cream Company, Appellee. Chicago Realty Company, Appellant.

Gen. No. 40,601.

132

Heard in the second division of this court for the first district at the February term, 1939. Opinion filed February 23, 1940.

SAMUEL B. BARNETT and LOUIS E. LEVINSON, both of Chicago, for appellant.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, all of Chicago, for appellee; ISAAC E. FERGUSON, of Chicago, of counsel.

MR. PRESIDING JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse an order which approved, over the written objections of the intervener, the master's report of the sale of the premises involved in this foreclosure proceeding.

The complaint to foreclose the trust deed in question alleged *inter alia* that the indebtedness secured by such trust deed was in default to the extent of $272,983.84. The trust deed upon which this action is predicated provided in part as follows:

"Article 11, Section 8. At any such sale . . . the Trustee or any successor in trust may bid for and purchase said mortgaged premises or any part thereof. The purchaser, as an express right hereby irrevocably given and granted, at any such sale shall be entitled in making settlement or payment for the property purchased at any sale thereof to use and apply any bonds. and any matured and unpaid coupons hereby secured, in payment of the bid, or purchase price, by presenting such bonds and/or coupons in order that there may be credited thereon the sum apportionable and applicable to the payment thereof out of the net proceeds of such sale; and thereupon such purchaser shall be credited on account of such purchase price payable by him with the sum apportionable and applicable out of such net

proceeds to the payment of the bonds and coupons so presented. PROVIDED, HOWEVER, that in all cases the purchaser or purchasers shall pay in money a sufficient sum to cover the items referred to in subparagraphs (a) and (b) of Section 7 of this Article.'' [Fees of master, trustee and trustee's solicitors.]

"Article XII, Section 2. All powers and rights of action hereunder may be exercised and enforced at all times by the Trustee, at its election, and in its discretion, without the possession or production of any of said bonds or coupons, or proof of ownership thereof at any time whatsoever when default exists as herein provided.''

The decree of foreclosure contained the following, among other, provisions:

"That the plaintiff properly instituted this suit as the representative of and for and in behalf of the owners and holders of all outstanding and unpaid bonds and interest coupons described in and secured by the trust deed foreclosed in this cause; that Frank M. McKey, Jr., is now the duly appointed, qualified and acting successor trustee under the trust deed herein foreclosed, and is the duly qualified and acting plaintiff herein.

"The court hereby reserves and retains jurisdiction of the subject matter of this cause and of all parties hereto for the following purposes:

"To advise and instruct Frank M. McKey, Jr., in respect to his powers and duties as successor trustee under the trust deed in the further administration of said trust.

"That the plaintiff . . . may become the purchaser at such sale.

"That any purchaser shall pay the master's fees [also fees of trustee and trustee's solicitors] in cash. He may receive credit on the balance of his bid for the pro rata amount distributable out of the proceeds of sale on any bonds and interest coupons which he shall

present to the master, who shall endorse thereon the amounts of such credits, and the purchaser shall pay the balance of his bid in cash.''

That portion of section 2 of Article XII of the trust deed, hereinbefore set forth, which authorized the trustee to bid at the foreclosure sale ''without the possession or production of any of said bonds or coupons'' was not incorporated in terms in the decree of foreclosure.

The trustee bid at the sale without producing any of the bonds or coupons and without paying any part of his bid in cash and his bid was accepted by the master. The master, trustee and the trustee's solicitors were entitled to receive immediate cash payment of their fees out of the proceeds of the sale but they voluntarily waived same.

The master reported that at the sale held pursuant to the decree of foreclosure there were no bids for the mortgaged property other than that of Frank M. McKey, Jr., as trustee; that said trustee bid $285,000 therefor and the premises were sold to him; and that the ''aforesaid bid by Frank M. McKey, Jr., was made in his capacity as trustee named in the trust deed herein foreclosed and that said trustee bid in said property for the use and benefit of the owners and holders of all the outstanding and unpaid bonds and interest coupons secured by the trust deed herein foreclosed.'' The report also showed that the total amount of principal and interest due from the mortgagor on the date of sale was $391,722.77, and that after applying the trustee's bid of $285,000 against said indebtedness there was a balance of $116,373.20 due to the trustee for the use and benefit of the owners and the holders of the outstanding and unpaid bonds and interest coupons. For this balance the trustee obtained a deficiency decree against the mortgagor.

The intervener, the Chicago Realty Co., which owned two $500 bonds out of a total of $268,800 unpaid and

uncanceled bonds, admits that under the terms of the trust deed and the decree of foreclosure the trustee had the right to bid in the mortgaged premises for the benefit of all of the bondholders but claims that the master's sale was invalid and should be set aside because it did not conform to the terms of the decree of foreclosure in that said decree did not expressly provide that the trustee might bid at the sale without possessing or producing any of the bonds and coupons, but did in express terms obligate any purchaser, including the trustee, to present to the master such bonds and interest coupons as he owned or represented for indorsement of credit thereon and to pay the balance of his bid in cash. It is further claimed that, notwithstanding the trust deed provided that the trustee might bid without producing any of the bonds or coupons, since such power was not expressly confirmed by the decree of foreclosure, it could not be legally exercised by the trustee. In other words, it is claimed that, regardless of the power granted the trustee under the trust deed to purchase the mortgaged premises at the foreclosure sale without producing any bonds or coupons, he was bound under the terms of the decree, the same as any other purchaser, to produce such bonds and coupons as he owned or represented for indorsement of pro rata credit thereon and to pay the balance of his bid in cash.

While the provision of the trust deed authorizing the trustee to purchase the mortgaged premises at the foreclosure sale for the benefit of all the bondholders without owning or producing any of the bonds or coupons was not incorporated in the decree of foreclosure, the decree after finding ''that all of the material allegations of the amended complaint are true and proven,'' and that ''the plaintiff properly instituted this suit as the representative of and for and in behalf of the owners and holders of all outstanding and unpaid bonds and interest coupons described in and secured

by the trust deed foreclosed in this cause,'' did provide that: ''The court hereby reserves and retains jurisdiction of the subject matter of this cause and of all parties hereto for the following purposes: To advise and instruct Frank M. McKey, Jr., in respect to his powers and duties as successor trustee under the trust deed foreclosed in this cause, and to supervise and direct said plaintiff in the further administration of said trust.'' The trust deed was attached to and made a part of the amended complaint and the rights, powers and duties of the trustee, as set forth in said trust deed, were material allegations of the complaint which the decree of foreclosure found had been ''proven.''

The provision of the decree of foreclosure whereby jurisdiction of the parties and of the subject matter was reserved to advise and instruct the trustee in respect to his powers and duties, not only clearly recognized all of the trustee's powers and duties under the trust deed but evinced the intention of the court to see that he properly exercised all of his powers and performed all of his duties. Not only was the trustee authorized to bid at the foreclosure sale without producing the bonds and coupons but it was his duty to do so, as the representative of all the bondholders, to protect their interests.

The provision of the decree of foreclosure that any purchaser at the sale might, after he paid certain fees and expenses in cash, receive pro rata credit for the balance of his bid for such bonds and interest coupons ''as he shall present to the master'' and that he ''shall pay the balance of his bid in cash'' was never intended to be applicable to the purchase of the mortgaged property by the trustee for the benefit of all the bondholders. In our opinion the trustee so purchasing need not pay cash, even though payment in cash is required of others. It was so held in *Silberman v. Becklenberg*, 279 Ill. App. 250, where the court said at p. 255:

''Defendants also urge that a trustee at a foreclosure sale need not pay cash on his bid, even though the sale

is so advertised and required as to others, but that he may offer the indebtedness evidenced by the decree of foreclosure and sale, and that such application satisfies the indebtedness *pro tanto*. The authorities so hold. *Belleville Savings Bank v. Reis,* 136 Ill. 242; *Burnham v. Roth,* 244 Ill. 344 (affirming 126 Ill. App. 222); *Chicago Joint Stock Land Bank v. McCambridge,* 343 Ill. 456; *Liberty Loan Ass'n v. Bosen,* 246 Ill. App. 362; *Yondorf v. Newman,* 272 Ill. App. 627 (Abst.); Reeve, Ill. Law of Mortgages & Foreclosures, vol. 2, pp. 779–781.''

The order of the circuit court approving the master's report of sale and distribution is affirmed.

*Order affirmed.*

FRIEND and SCANLAN, JJ., concur.